Ethel J. PULLIAM and Amy C. Petty

v.

Lucious PULLIAM, Appellant.

No. 71–1604.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 3, 1972.

Decided May 7, 1973.

As Amended May 9, 1973.

Dorsey Evans, Washington, D. C., for appellant.

A. J. Spero, Washington, D. C., submitted on the brief for appellees.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and WYZANSKI*, Senior United States District Judge for District of Massachusetts.

PER CURIAM:

This case involves the court in a procedural debacle of such Byzantine complexity that even Dickens' Mr. Bumble might find it remarkable. A brief retracing of the labyrinthine progress of this action in the District Court must begin on June 5, 1968, when the plaintiffs filed their complaint for the partition of certain real property. On Sept. 12, 1968, the defendant filed his answer. On Oct. 31, 1969, a default, the first step in a default judgment procedure, was entered against the defendant because neither he nor his attorney appeared at a pre-trial conference.[1] It appears that defendant's counsel did not receive notice of the hearing until it had been held, because he had moved to a new address, advised plaintiffs' attorney of the move, and left a forwarding address, but failed to properly apprise the court.

Subsequent to the entry of the default but prior to the entry of the default

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. D.D.C. Local R.Civ.P. 12(b); *see* Fed. R.Civ.P. 16; McGrady v. D'andrea Elec., Inc., 434 F.2d 1000 (5th Cir. 1970).

judgment, the default may be set aside for good cause. Fed.R.Civ.P. 55(c). Defendant's counsel filed what he styled a *Motion to Reinstate Cause.* The document did not refer to rule 55 or any other basis for setting aside the default; it merely recited the reasons for counsel's failure to appear at the pre-trial conference. The District Court, nonetheless, treated the motion as one to set aside the default and denied it on Feb. 11, 1970.

Generally, the party in whose favor a default has been entered must apply for and the court grant a default judgment.[2] The court, in its discretion, may enter the default judgment or allow the case to proceed to a determination on the merits. The plaintiffs did apply for a default judgment on May 22, 1970. In response, defendant, on June 1, filed a *Motion to Reconsider Motion to Reinstate the Cause Herein and Motion to Strike Findings of Fact and Conclusions of Law.* This document is rather problematic. There had been no findings of fact or conclusions of law. The motion adopted defendant's earlier motion, but neither was accompanied by affidavits as to the facts alleged. Nor was the nature of the document readily apparent; again there was no mention of any federal rule as a predicate for the requested relief. We can only assume that the court treated the document as defendant's opposition to the pending application for a default judgment or as a second set aside motion.

■ On June 2, the court granted the default judgment, appointed a trustee and ordered the property sold. Some judges may be more hesitant than others to enter a default judgment and thus, perhaps, penalize a client severely for the apparent neglect of his attorney.[3] But the question whether the default judgment was properly entered in this case is not before us, since the defendant did not file a timely appeal from that judgment.

■ The party suffering a default judgment also has the remedy provided by rules 55(c) and 60. Fed.R.Civ.P. 55(c) provides that once a default judgment has been entered, the court may "set it aside in accordance with Rule 60(b)," which is produced in relevant part below:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . [reasons 2–5 are inapplicable] (6) any other reason justifying relief from the operation of the judgment.

Since a resolution on the merits is preferable to a judgment by default,[4] a court should liberally allow relief under this provision. Rule 60 is meant as a "corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect." Radack v. Norwegian America Line Agency, Inc., 318 F. 2d 538, 542 (2d Cir. 1963).[5]

---

2. Fed.R.Civ.P. 55(b)(2).

3. Since a default is not favored in the law, all doubts should be resolved against entering a default judgment. Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Where the default was a result of counsel's error, his oversight should be forgiven even if it would not be "excusable neglect" for the purposes of rule 60(b). *See, e. g.,* Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D.Texas 1967).

4. H. F. Livermoore, Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D. C. 256, 432 F.2d 689 (1970); Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 301, 364 F.2d 692, 694 (1966).

5. *Accord,* Barber v. Turberville, 94 U.S. App.D.C. 335, 337, 218 F.2d 34, 36 (1954); *see* Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Patapoff v. Vollstedt's, Inc., 267 F.2d 863 (9th Cir. 1959); *cf.* Denman v. Shubow, 413 F.2d 258 (1st Cir. 1969). For a collection of

On August 6, 1970, defendant, represented by new counsel, filed a document entitled a *Motion to Reconsider Motion to Reinstate Cause Herein, Interpreted as Motion to Set Aside Default*. Defendant resolved any doubts as to his intentions when, four days later, he filed a statement of points and authorities indicating that his document should be taken as a motion to set aside the default judgment. Again, however, no supporting affidavits were filed. The motion was denied on Aug. 14, 1970. We need not now become involved in the issue whether the defendant's default was premised on the excusable neglect of his counsel or whether the trial court abused its discretion in denying the defendant's rule 60 motion to set aside the default judgment. Defendant had 30 days in which to appeal to this court from that decision.[6] He did not do so. The issue of the default judgment must therefore be taken as settled in this case.

On Jan. 20, 1971, the property still being unsold, plaintiffs moved to stay the trustee proceedings and to enter what they termed another default judgment. Plaintiffs seem to have misconstrued the technical nature of their motion, but its intent was clear—to relieve them from the operation of so much of the court's June 2 judgment as ordered the property sold. This proceeding could thus properly be viewed as an action for relief from judgment or order, pursuant to Fed.R.Civ.P. 60.

On Feb. 23, 1971, the court denied plaintiffs' request to grant relief on an *ex parte* basis. Plaintiffs' brief alleges

cases in which a default was set aside on the grounds of excusable neglect of counsel see 6 Moore's Federal Practice ¶ 55.10(2) n. 11.

that defendant's counsel was notified of a hearing on plaintiffs' motion but nonetheless failed to appear. According to plaintiffs, defendant's counsel then attempted an *"ex parte* meeting with [the] judge . . . to present proof in support of his claim. That meeting was refused. . . ."

On May 24, the District Court set aside the June 2 judgment ordering the trustee to sell the property, and, as requested, ordered the defendant to transfer the property to the plaintiffs. The only proceeding properly before this court is the one culminating in this May 24 order. This was also a rule 60 motion, but it was made by the plaintiffs. There is no indication in the record that defendant used this occasion to again invoke the trial judge's discretion to relieve him from the operation of the default judgment because it was premised on the excusable neglect of his attorney. Rather, the parties seemed to have been concerned with the merits of the suit; but a rule 60 motion does not, of course, bring up the underlying case for review.

Thus, this court is not in a position to review either the merits of the suit, the entry of the default, the entry of the default judgment, or the refusal to set aside the default or the default judgment. The only issue before us is whether the trial judge, on May 24, abused his discretion in ordering the property be transferred rather than sold. Neither party addressed this issue, and this court, on its own investigation, sees no reason for disturbing the decision below.

Affirmed.

6. Fed.R.App.P. 4(a). The time for filing an appeal is not tolled by filing a set aside motion pursuant to rule 60.