349 So.2d 1117 (1977)
Ranny Lee COCKRELL
v.
WORLD'S FINEST CHOCOLATE COMPANY, INC., a corporation.
SC 2144.
Supreme Court of Alabama.
September 9, 1977.
Rehearing Denied September 30, 1977.
*1118 James H. Lackey, Mobile, for appellant.
Mayer W. Perloff, Mobile, for appellee.
BLOODWORTH, Justice.
Default judgment was entered against defendant, Ranny Cockrell, in favor of plaintiff, World's Finest Chocolate Company, Inc., for $30,647.32 and costs. Defendant filed, and the court denied, a motion to set aside the default judgment. Later, defendant filed, and the court denied, a motion to reconsider the denial of his motion to set aside the default judgment. Defendant appeals, and plaintiff moves to dismiss the appeal with prejudice. The motion to dismiss the appeal is denied. The trial court's denial of defendant's motion to reconsider the denial of his motion to set aside the default judgment is reversed and remanded.

MOTION
Plaintiff contends that defendant's notice of appeal, which was filed on October 25, 1976, was not filed within 42 days after the court's entry of final judgment for plaintiff or the court's denial of defendant's motion to set aside the default judgment. Rule 4, Alabama Rules of Appellate Procedure. Judgment by default was entered on June 17, 1975, and the motion to set aside the judgment was filed on August 14, 1975, and was denied on October 29, 1975. Rule 60(b), Alabama Rules of Civil Procedure. Defendant's motion to reconsider the denial of his motion was filed on October 31, 1975, and was denied on September 29, 1976, after several hearings before the court ore tenus. Plaintiff contends that this order is not an order from which an appeal may be taken. We disagree.
*1119 The order in question, like the order denying the motion to set aside the judgment, is a denial of a Rule 60(b) motion. Although a motion under Rule 60(b), ARCP, "does not affect the finality of a judgment or suspend its operation" and thus does not extend the time for taking an appeal, an order denying such a motion is appealable. An appeal of an order denying a motion under Rule 60(b) presents for review the correctness of the order, not the correctness of the final judgment which the movant seeks to have set aside. Coosa Marble Co., Inc. v. Whetstone, 294 Ala. 408, 411, 318 So.2d 271 (1975); Wright & Miller, Federal Practice and Procedure: Civil § 2871.
Plaintiff contends also that this appeal should be dismissed because defendant's notice of appeal, by failing to state which order or judgment is being appealed, fails to comply with Rule 3(c), ARAP. The notice states:
"Notice is hereby given that RANNY LEE COCKRELL appeals to the abovenamed court from the order entered in this cause."
Rule 3(c), ARAP, provides, inter alia, that the notice of appeal ". . . shall designate the judgment, order or part thereof appealed from . . .." It is true that defendant's notice of appeal does not state whether the appeal is being taken from the default judgment, the order denying the motion to set aside the judgment, or the order denying the motion to reconsider denial of the motion to set aside the judgment. This, however, is not fatal to defendant's appeal, nor is it reason to dismiss it.
The time for taking an appeal from the default judgment and from the denial of the motion to set aside expired long before the notice of appeal was filed. Consequently, there is only one order from which this appeal could have been takenthe denial of the motion to reconsider the denial of the motion to set aside the judgment.
Under Rule 2(a), ARAP, dismissal of an appeal from an appealable order is mandatory only where notice of appeal was not timely filed. In other cases of failure to comply with the rules, dismissal is discretionary. Because Rule 1, ARAP, mandates that these rules ". . . shall be construed so as to assure the just, speedy and inexpensive determination of every appellate proceeding on its merits," and because the deficiency in defendant's notice of appeal has not left this Court or plaintiff uncertain as to which order is being appealed, we decline to dismiss the present appeal.

MERITS
On April 3, 1975, plaintiff filed suit against defendant, a former employee on open account, for money had and received, and for misrepresentation. On April 10, 1975, defendant was served with a copy of the summons and complaint.
On May 8, 1975, defendant filed with the circuit court a document containing the name of the court, the style of the case, the case number, and defendant's signature. The document was entered upon the docket as "Answer of Defendant," and a copy was forwarded to plaintiff's attorney. The document stated that defendant's attorney would be replying in a few days, that defendant had been out of town since having been served, and that his attorney would be in contact very soon.
On June 17, 1975, on motion of plaintiff and without any notice to defendant, the court entered a default judgment.
On this appeal, defendant contends that the document which he filed on May 8, 1975, constituted an appearance in the action and entitled him to three days' written notice of the application for a default judgment. Rule 55(b)(2), ARCP. He contends further that plaintiff's failure to serve such notice rendered the default judgment void. Alternatively, defendant contends that the judgment is voidable for mistake, inadvertence, surprise, or excusable neglect and that the trial court erred in refusing to set it aside. Rule 60(b)(1), ARCP.
Plaintiff contends that in order to be entitled to relief under Rule 60(b) the movant must allege and prove facts which *1120 would constitute a good and meritorious defense and that defendant did not do so.
We hold that the document filed by defendant on May 8, 1975, constituted an appearance and that defendant was entitled to the "3 days" notice required by Rule 55(b)(2), ARCP.
An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Port-wide Container Co., Inc. v. Interstate Maintenance Corp., 440 F.2d 1195 (3rd Cir. 1971); H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa.1961). See also Wright & Miller, supra at § 2686; Anno., 27 A.L.R.Fed. 620; Anno., 73 A.L.R.3d 1250.
The document which defendant filed with the court on May 8, 1975, clearly indicated an intention to submit to the jurisdiction of the court and to defend the action. Plaintiff does not dispute defendant's contention that he had appeared in the action and was entitled to "3 days" notice of application for entry of default.
We hold further that failure to give the required notice in this case requires vacation of the default judgment regardless as to whether defendant has shown a meritorious defense or not. Wilver v. Fisher, 387 F.2d 66 (10th Cir. 1967); Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963); Press v. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D.N.Y.1968). In so holding, we do not decide whether a default judgment entered without the required notice is void or merely voidable.
It is the view of Wright & Miller that lack of notice should not automatically entitle the defaulting party to relief but should be one of the factors which the court considers when it exercises its discretion in ruling on a motion to set aside the judgment. Wright & Miller, supra at § 2695. See 6 Moore's Federal Practice ¶ 55.05[3]. We do not think this is the better view. Wright & Miller offer no reason for regarding this as the preferable view, and the courts are not in agreement as to the effect of failure to give notice. See Anno., 51 A.L.R.2d 837.
We think that our approach is more consistent with our policy which favors the determination of cases on the merits and disfavors default judgments. Moreover, our rule makes for certainty in the law namely that the notice required by Rule 55(b)(2), ARCP, must be given when the defaulting party has filed an appearance, as here, and has indicated a clear purpose to defend the action.
The dissent makes two assertions, to which we direct a short response.
First, is the notion that ". . . the `Motion to Reconsider' should be considered as a post-judgment motion . . . deemed denied, under Rule 59.1, ARCP, 90 days after it was filed . . .." The answer is that both parties and the trial judge, below and here, treated the motion as a Rule 60(b) motion. Also, Rule 59.1 states that only post-trial motions filed pursuant to Rule 50, 52 or 59 shall remain pending longer than 90 days. Rule 50 refers to motions for directed verdict and N. O. V., Rule 52 to findings by the Court, and Rule 59 to motions for new trial. No mention is made in Rule 59.1 of a Rule 60(b) motion. The judge held hearings on this motion from the time it was filed until it was acted on September 29, 1976.
Second, it is suggested that our decision will "further delay the disposition of this action, [and] be more expensive." We think not. If a defendant has entered an appearance he is entitled to the three days' notice, because the Rule says so, and if the trial courts ensure, as we know they will, that the three days' notice is given, the merits will be reached, delay will be minimized, and justice will be served.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., dissent.
*1121 TORBERT, Chief Justice (dissenting):
The motion to set aside the default judgment, entered June 17, 1975, was filed August 18, 1975, and was denied October 20, 1975. A motion to reconsider the denial of the motion to set aside the default judgment (the second motion) was filed October 31, 1975, and was denied September 29, 1976, some 11 months later. The majority holds that this appeal was taken from the denial of the second motion rather than the first motion to set aside the default judgment; otherwise, this appeal would not have been timely filed.
I am troubled with the opinion of the majority in its decision to treat the second post-judgment motion (a motion to reconsider the denial of the motion to set aside the default judgment) as a 60(b) motion. Can there be successive 60(b) motions ad infinitum? I do not think so, at least not in this case where no additional or different grounds were assigned in the second motion from which the majority holds the appeal was taken. The reasoning of the majority would lead to results certainly not intended, that is, successive 60(b) motions over whatever period of time the movant decided to extend the judicial proceeding where a final judgment was rendered. Would the majority hold that another "60(b) motion" to reconsider the motion to reconsider the denial of the motion to set aside a default judgment is an appealable 60(b) motion, with the result that, if a defect [failure to give the three days notice required by Rule 55(d)(2) ARCP] were found in the original default judgment, it would, therefore, be set aside?
In any event, this "first" 60(b) motion did not affect the finality of the default judgment or suspend its operation, or toll the time for appeal from the judgment. Rule 60(b) ARCP; Coosa Marble Co., Inc. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975). The trial court denied the "first" 60(b) motion on October 29, 1975. This order of denial was a final order and appealable as such. 7 Moore's Federal Practice, § 60.30[3].
Since the order of denial was entered prior to December 1, 1975, the defendant had six months within which to appeal from that order, that is, April 29, 1976. He did not do so. He followed a route followed by defendants in two recent federal cases. In Pulliam v. Pulliam, 156 U.S.App.D.C. 25, 478 F.2d 935 (1973), defendant had suffered a default against him. He filed what he styled a "Motion to Reinstate Cause," which the district court treated as a 60(b) motion, and which the court denied. Defendant changed counsel and new counsel filed what he styled a "Motion to Reconsider Motion to Reinstate Cause Herein, Interpreted as a Motion to Set Aside Default." This motion was also denied by the court. At page 27, 478 F.2d at page 937, the court said:
"On August 6, 1970, defendant, represented by new counsel, filed a document entitled a Motion to Reconsider Motion to Reinstate Cause Herein, Interpreted as Motion to Set Aside Default. Defendant resolved any doubts as to his intentions when, four days later, he filed a statement of points and authorities indicating that his document should be taken as a motion to set aside the default judgment. Again, however, no supporting affidavits were filed. The motion was denied on Aug. 14, 1970. We need not now become involved in the issue whether the defendant's default was premised on the excusable neglect of his counsel or whether the trial court abused its discretion in denying the defendant's rule 60 motion to set aside the default judgment. Defendant had 30 days in which to appeal to this court from that decision.6 He did not do
"6 Fed.R.App.P. 4(a). The time for filing an appeal is not tolled by filing a set aside motion pursuant to rule 60."
so. The issue of the default judgment must therefore be taken as settled in this case.
. . . . . .
In Burnside v. Eastern Airlines, Inc., 519 F.2d 1127 (5th Cir., 1975), that court reached a similar result:
"Plaintiffs Burnside, Wooten and Hunter filed their initial complaint in this title VII employment discrimination suit *1122 on August 3, 1973. On January 18, 1974, the district court dismissed remaining plaintiff Burnside's amended complaint1
"1 Plaintiff Burnside's amended complaint of November 30, 1973, deleted Wooten and Hunter as plaintiffs and sought additional class relief for all past and present Black employees of Eastern Airlines.
for failure to respond to defendant's motion to dismiss. At the same time, the district judge ordered that the cause be dismissed as a class action by reason of plaintiff's failure to appear at a special hearing called to consider the appropriateness of proceeding with the class action. Almost seven months later, on August 8, 1974, plaintiff Burnside filed a Rule 60(b) motion for relief from the district court's granting of the motion to dismiss. The district court denied plaintiff's motion, and plaintiff failed to prosecute an appeal from that denial. After substitution of counsel, plaintiff filed a second Rule 60(b) motion for relief on January 23, 1975. Six days later the district court denied plaintiff's second motion and plaintiff filed timely notice of appeal.
"The clear purpose of plaintiff Burnside's second Rule 60(b) motion for relief from judgment was circumvention of the time limit for notice of appeal provided in Fed.R.App.Proc. 3(a) and 4(a).2 The
"2 Filing of notice of appeal within the 30 day time period specified in Rules 4(a) and 3(a) is mandatory and jurisdictional, and absent compliance, the appeal must be dismissed. Gulf-Tampa Drydock Co. v. Vessel Virginia Trader, 5 Cir. 1970, 435 F.2d 150; Knowles v. United States, 5 Cir. 1958, 260 F.2d 852, 854."
proper course of action for plaintiff Burnside, at best, would have been to file a notice of appeal within thirty days of the district court's granting of the motion to dismiss. At a minimum, the filing of notice of appeal in the district court after denial of the initial Rule 60(b) motion might well have afforded plaintiff some relief. Had plaintiff pursued the latter, appellate review would be limited to the district court's exercise of discretion in denying the Rule 60(b) motion, and would not have extended to consideration of the motion to dismiss granted on January 18, 1974. Saenz v. Kenedy, 5 Cir. 1950, 178 F.2d 417, 419; Wagner v. United States, 2 Cir. 1963, 316 F.2d 871. The well-recognized rule, however, and that which comports with the time limit imposed by Rules 4(a) and 3(a), precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal. Horace v. St. Louis Southwestern R. Co., 8 Cir. 1974, 489 F.2d 632; Hodgson v. United Mine Workers of America, 1972, 153 U.S.App. D.C. 407, 473 F.2d 118; Wojton v. Marks, 7 Cir. 1965, 344 F.2d 222; Demers v. Brown, 1 Cir., 343 F.2d 427, cert. denied, 1965, 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64.
It is apparent that, as defendant failed to appeal from the entry of the default judgment or from the denial of his 60(b) motion, the issue of the default judgment must be taken as settled. Pulliam, supra.
At most, the "Motion to Reconsider" should be considered as a post-judgment motion, attacking the judgment of denial of the 60(b) motion, which was a final appealable order. So considered, it was deemed denied, under Rule 59.1, ARCP, 90 days after it was filed, in absence of consent of all the parties, in the record, or unless extended by the appropriate appellate court, this court in this case. Under Rule 59.1, the motion was pending for more than 90 days on January 29, 1976; hence, any appeal from the denial of that motion should have been filed within 42 days after January 29, 1976.
Because the default judgment was entered prior to December 1, 1975, the effective date of the Alabama Rules of Appellate Procedure, the defendant had six months within which to appeal rather than the 42 days now provided. However, he did not appeal, but filed a 60(b) motion on August 18, 1975, apparently because more than thirty days had passed since the entry of the judgment by default. See Committee Comments to Rule 55, which reads:
"Rule 55(c) differs from the Federal Rule. It has no express reference to Rule 60, Relief From Judgment or Order, as does the Federal counterpart. This was *1123 eliminated in order to insure the court's power to set aside a default judgment in thirty days in an instance where Rule 60 might not afford justification. No time limit is expressed with respect to an entry of default. Of course, Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default."
The majority would also vacate a default judgment irrespective of the fact that the defendant failed to offer evidence of a meritorious defense to the action. The better view, I submit, would be to require some showing of a meritorious defense in cases of this sort. For example, in Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960), this court cited with approval the law with respect to the setting aside of a judgment rendered without proper service:
"While a court of equity, or a law court acting under the four months statute Section 9521will set aside a judgment rendered without proper service against a party to the suit, yet to secure such relief the aggrieved party must both allege and prove that he has a meritorious defense, and that he was prevented by surprise, accident, mistake or fraud, without fault on his part, from interposing such meritorious defense to the action. He is required to allege and prove a meritorious defense for the reason that it would be idle and useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered."
Id. at 297, 123 So.2d at 133 (citations omitted).
In Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (E.D.Va.1963), District Judge Hoffman set forth the meritorious defense requirement as follows:
"Not only must there exist a good reason to set aside the default on the ground of `mistake, inadvertence, surprise, or excusable neglect,' but the moving party must show that he has a meritorious defense to the action. The bare wording of Rule 60(b) does not require the showing of the existence of a meritorious defense but this is judicially established and apparently is left within the sound discretion of the trial court. Just as there are few guideposts as to what constitutes excusable neglect or inadvertence in any given case, there is no universally accepted standard among courts as to what satisfies the requirement that a party show a meritorious defense."
32 F.R.D. at 196.
Where in this case the defect complained of was the failure to give the three days notice it should follow that the aggrieved party (the defendant) be required to show that he had a meritorious defense to the action. The cases cited by the majority to the contrary did not involve a second motion as here, to-wit: a motion to reconsider the denial of the motion to set aside the default judgment because of the failure to give three days notice.
Undoubtedly, the defendant's first postjudgment motion to set aside the default judgment was a 60(b) motion, the denial of which would support an appeal. However, defendant's second motion was not an attack on the default judgment itself, but was merely a motion requesting the trial court to reconsider its prior ruling on a 60(b) motion. Moreover, the second motion, even if considered as a 60(b) motion, presents for review the correctness of the order, not the correctness of the final default judgment. Coosa Marble Co., Inc. v. Whetstone, supra. Therefore, in cases of this sort, the appellate court should pay deference to the discretion of the trial court. On appeal, the appellate court should not set aside the trial court's exercise of discretion unless it finds under the circumstances of the particular case the trial court abused its discretion. Hand v. United States, 441 F.2d 529 (5th Cir. 1971). Rule 55(c) ARCP clearly recognizes the discretion of the trial court as to the setting aside of a default judgment.
The majority reasons that Rule 1 ARAP which mandates that the rules be construed to assure the "just, speedy and inexpensive *1124 determination of every appellate proceeding on its merits" supports its result. But it can just as easily be reasoned that the decision of the majority will further delay the disposition of this action, be more expensive, and, since the appellant failed to show a meritorious defense, will not determine the matter on its merits. Justice Story's apothegm states it succinctly:
"It is for the public interest and policy to make an end to litigation . . ." so that ". . . suits may not be immortal, while men are mortal."
Ocean Ins. Co. v. Fields, 18 F.Cas. pp. 532, 539 (No. 10,406) (C.C.D.Mass.1841).
I would hold that the appeal was not timely filed and therefore should be dismissed. In the alternative, there being no showing that the trial court abused its discretion, I would affirm its decision.
MADDOX, J., concurs.