James **BUTLER**, Charlotte Butler, Appellants,

v.

Bobbie S. **PEARSON** et al.

No. 79–1272.

United States Court of Appeals, District of Columbia Circuit.

Argued March 25, 1980.

Decided Aug. 7, 1980.

---

Jeffrey C. Tuckfelt, Washington, D. C., for appellants.

Frank J. Martell, Washington, D. C., with whom Brien E. Roche, Washington, D. C., was on the brief, for appellee.

Before WRIGHT, Chief Judge, SWYGERT *, United States Circuit Judge for the Seventh Circuit and ROBINSON, Circuit Judge.

Opinion for the Court filed by Circuit Judge SWYGERT.

SWYGERT, Circuit Judge:

At issue in this appeal is whether the district judge abused his discretion in dismissing and subsequently denying plaintiffs–appellants' motion to reinstate a diversity action for personal injuries and property damage resulting from an automobile accident. The case was dismissed on the basis that the defendants had "been denied discovery" and that the plaintiffs had "failed energetically to prosecute their claim." Because plaintiffs' appeal from the dismissal was untimely, we lack jurisdiction to consider plaintiffs' contention that the district judge abused his discretion by dismissing the case. We hold, however, that his denial of plaintiffs' motion to reinstate the action under Rule 60(b) of the Fed.R. Civ.P. did constitute an abuse of discretion. Accordingly we reverse and order the case reinstated.

I

Plaintiffs James and Charlotte Butler filed suit on April 27, 1978.[1] Their complaint stated that on February 27, 1978 they were riding in their automobile in the District of Columbia when a vehicle owned and operated by defendant Bobbie S. Pearson struck a truck owned by defendant B. A. Coe and Company ("Coe") and operated by defendant Sidney Clark. Just after the impact, Pearson's vehicle struck the vehicle in which the plaintiffs were riding. Accord-

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. Plaintiffs are residents of the Commonwealth of Virginia; defendant Bobbie S. Pearson is a resident of the District of Columbia; defendant Sidney Clark is a resident of the State of Maryland; and defendant B. A. Coe and Company is a District of Columbia corporation.

ing to the complaint, the collision was caused by the negligence of defendants Pearson and/or Clark, and defendant Coe is liable on the basis of common law agency and vicarious liability as well as section 40–424 of the District of Columbia Code (1973 ed. as amended). Compensatory damages for personal injuries and property damage were alleged to be in excess of $10,000.

At a status conference before the district judge on July 26, 1978, a pretrial conference was scheduled for December 12, 1978 and a trial date was set for December 20, 1978. On July 27, 1978, a pretrial order was filed providing *inter alia*, "[a]ll discovery must be completed before pretrial" and "[f]ailure to comply with any of these requirements may in the Court's sole discretion result in dismissal or default."

Answers to the complaint were filed by defendant Pearson on July 14 and by defendants Coe and Clark on August 18. The record shows that interrogatories were mailed to the plaintiffs from defendant Pearson on July 13, 1978 and from defendants Coe and Clark on or about August 9, 1978. Plaintiffs failed to respond to the interrogatories, and on November 9, 1978, defendants Coe and Clark filed a motion to compel discovery or dismiss under Rule 37, Fed.R.Civ.P. On November 17, 1978, plaintiffs filed an opposition to the motion to dismiss stating that they lived some distance from Washington, D. C., that they had no telephone, and that it had taken some time to assemble the information requested. Plaintiffs further stated that their counsel now had the information and "should be able to submit Answers within 10 days of this date." However, plaintiffs failed to submit those answers, and on De-

cember 4, 1978, the district judge, without a hearing, granted defendants' motion to dismiss.

Plaintiffs, filed a motion entitled "Motion to Reconsider and Reinstate" on December 18. Through their counsel, plaintiffs stated that counsel found plaintiffs' responses incomplete and in need of elaboration, particularly regarding a medical report counsel was having difficulty obtaining from plaintiff James Butler's doctor. Further plaintiffs alleged that their counsel had been extremely busy with an appeal from a wrongful death action, a felony trial on December 7 and 8, and another criminal matter. Plaintiffs asserted that the defendants had not been prejudiced in any way that could not be rectified by awarding reasonable attorney's fees. On January 4, 1979, the district judge denied plaintiffs' motion. On February 2, 1979, plaintiffs filed a motion seeking further reconsideration, which was subsequently denied, and a notice of appeal.

## II

Plaintiffs assert that the district judge abused his discretion first when he dismissed the case on December 4, 1978, and second when he refused to reinstate the action pursuant to plaintiffs' December 18 motion.

Because the order dismissing the action was entered on December 4, 1978 and plaintiffs' notice of appeal was not filed until February 2, 1979, plaintiffs' appeal from the dismissal was untimely under Rule 4(a) of the Fed.R.App.P. which requires a notice of appeal to be filed within 30 days of the entry of the order appealed from.[2] Thus this court lacks jurisdiction to review

---

**2.** Even if plaintiffs' December 18 motion titled "Motion to Reconsider and Reinstate" was a Rule 59(e) motion as defendants assert, it would not have given this court jurisdiction over the appeal from the December 4 dismissal. Although a Rule 59(e) motion, timely made, does toll the running of time for filing a notice of appeal, here the December 18 motion was not filed within the required ten days after the entry of the order in question and hence the Rule 59(e) motion would itself have been a

nullity. *Flint v. Howard*, 464 F.2d 1084 (1st Cir. 1972). Any substantive action by the district court would also have been a nullity, *Sonnenblick–Goldman Corp. v. Nowalk*, 420 F.2d 858 (3rd Cir. 1970), presenting nothing for this court to review. At any rate, we have construed the December 18 motion to be a Rule 60(b) motion, which does not toll the running of the 30 days from the dismissal within which a notice of appeal must be filed.

the merits of the December 4 dismissal. *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

On December 18 plaintiffs filed their "Motion to Reconsider and Reinstate" which plaintiffs ask us to consider under Rule 60(b). Defendants argue that the motion was properly a Rule 59(e) motion, which was not filed within the required ten days of the entry of the dismissal order and thus is a nullity on which neither the district court nor this court can act.[3]

■ We consider the December 18 motion a Rule 60(b) motion requesting relief on the basis of "excusable neglect" under Rule 60(b)(1) or for "any other reason justifying relief from the operation of the judgment" under Rule 60(b)(6).[4] The motion stated that plaintiffs' counsel had incomplete information and was simultaneously involved in an appeal from a wrongful death action, a felony trial, and another criminal matter. It requested relief on the basis that the dismissal resulted in "a forfeiture of Plaintiff's rights through the inadvertence of their counsel." The motion does not state under what rule it is brought, but it suggests ground for relief cognizable under Rule 60(b). We cannot agree with the defendants that because the word "reconsider" was used to title the motion, it necessarily became a motion under Rule 59(e) rather than Rule 60(b). Even when a motion is formally made under Rule 59, as this was not, Professor Moore, has stated:

> Although a motion is made under Rule 59, if it is not timely so that it may not properly be considered thereunder, it may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule.

6A Moore's Federal Practice ¶ 59.04(7), at 59–26 (2d ed. 1979). We conclude that Plaintiffs' December 18 motion is a motion to vacate the dismissal and reinstate the case under Rule 60(b).

■ We turn next to the issue of whether the district judge abused his discretion when he denied that motion. We hold that he did. In *Jackson v. Washington Monthly Co.*, 569 F.2d 119 (D.C. Cir. 1977), the plaintiff sought reinstatement under Rule 60(b) after the district court dismissed with prejudice because the plaintiff's attorney failed to obey the judge's instructions to report to the court on progress in settlement negotiations within 30 days. We vacated that dismissal. Although in *Jackson* the narrow ground for our decision was the possibility that the plaintiff's lawyer had actually misled his client, we there stated our view that

> [t]rial court dismissal of a lawsuit never heard on the merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions. And while appellate review is limited . . . to whether judicial discretion has been abused, a sound discretion hardly comprehends a pointless exaction of retribution.

*Jackson v. Washington Monthly Co.*, 569 F.2d at 123 (footnote omitted). We noted further that the dismissal was predicated upon but a single violation by counsel of a pretrial directive, while in *Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) and its progeny, dismissals due to counsel's conduct were approved only after a course of protected neglect. *Id.* at 121. Finally we considered that although the defendant argued that he was prejudiced by counsel's negligence, the issue of prejudice was not even addressed by the trial judge.

Many of the same concerns that we expressed in *Jackson* mandate the result we reach today. There we noted our disapproval of the drastic remedy of dismissal for just one violation of a court order by counsel. The instant case does not even present, technically speaking, one instance

---

**3.** *See* note 2, *supra.*

**4.** Rule 60(b)(1) and (6) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason justifying relief from the operation of the judgment. . . .

of a failure to obey a court directive. Although the pretrial order had established December 12 as the date by which discovery was to be completed, the order dismissing the case was entered eight days earlier. It is true that a failure to answer defendants' interrogatories by December 4 made the completion of discovery by December 12 a near impossibility. Still the December 12 pretrial conference was but eight days away and counsel for both parties were required to attend.[5] We cannot ignore the very real possibility that the answers to the interrogatories would have been filed by or on that date. That the district judge could still have dismissed the case on December 12 because discovery was not complete does not alter our view that the more appropriate cause of action would have been to wait to act until the date of the pretrial conference.

In *Robison v. Transamerica Ins. Co.*, 368 F.2d 37 (10th Cir. 1966), the plaintiff had failed to respond to interrogatories for over two months at the time of the pretrial conference. At the conference, counsel advised the court that he was prepared to answer the interrogatories. Nonetheless, the trial judge dismissed, although without prejudice. The Tenth Circuit reversed, stating that "the spirit and purpose of the rule would have been best served and the expense of this appeal avoided if appellant had been allowed to answer instanter, as apparently he was prepared to do." *Robison v. Transamerica Ins. Co.*, 368 F.2d at 39. The Seventh Circuit also reversed a dismissal for failure to file timely answers to interrogatories—in a case more egregious than this because the failure to respond followed the reinstatement of the case after a default judgment had been entered and then vacated by the trial judge. *Vac–Air, Inc. v. John Mohr & Sons, Inc.*, 471 F.2d 231 (7th Cir. 1973). The court in *Vac–Air, Inc.* pointed out that where an alternative, less drastic sanction to dismissal would be as effective, it should be utilized. In the instant case, less drastic sanctions were never attempted, nor did the district judge offer any explanation for immediately resorting to so drastic a remedy.

The issue here is not as in *Vac–Air, Inc.* the dismissal itself, but rather as in *Jackson v. Washington Monthly Co.* the denial of the motion to reinstate. A failure to reinstate was previously addressed by this court in *Pulliam v. Pulliam*, 478 F.2d 935, 936 (D.C. Cir. 1973), where we stated:

> Since a resolution on the merits is preferable to a judgment by default, a court should liberally allow relief under this provision. Rule 60 is meant as a 'corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect.' *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

*See also Bridoux v. Eastern Airlines*, 214 F.2d 207 (D.C. Cir.), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954)[6] Although this case involves a pretrial dismissal rather than a default as in *Pulliam* and *Bridoux*, it is clearly the kind of case where doubt should be resolved in favor of the motion to set aside so that the case may be tried on its merits. 7 Moore's Federal Practice ¶ 60.19 at 232–33 (2d ed. 1979).

In *Bibeau v. Northeast Airlines Inc.*, 429 F.2d 212 (D.C. Cir. 1970), we reversed the district court's denial of a motion to reinstate a wrongful death action which had been dismissed for want of prosecution. An important factor in our decision there, as in *Jackson v. Washington Monthly Co.*, was the lack of factual support for the appellee's claim of prejudice. In the instant case, there was also no factual support for defendant's claim of prejudice. In fact, the district judge did not address the issue of prejudice in either the order dismissing the case or the order denying the motion to reinstate.

---

**5.** An examination of the record gives us no reason to believe that plaintiffs' counsel would have failed to attend that conference.

**6.** Because in *Pulliam*, the appeal from the denial of the Rule 60(b) motion was untimely, the issue of whether the denial of defendant's Rule 60(b) motion was an abuse of discretion was not before the court.

Further, the instant case was only seven months old when it was dismissed. The moving parties on the motion to dismiss had not filed an answer until the case was almost four months old. In *Bibeau v. Northeast Airlines Inc.*, in which we ordered the action reinstated, we considered the fact that unlike most cases where reinstatement was denied, the delay was, as in this case, of only a few months duration.

Here plaintiffs resided four hours from the D.C. area and had no telephone. Plaintiffs' counsel asserted that he was having difficulty obtaining necessary medical information from plaintiffs' doctor. The record shows that plaintiffs' counsel had received and filed answers to his interrogatories and was preparing, although in dilatory fashion, for trial.

In plaintiffs' motion to reinstate the case, it was asserted that plaintiffs' counsel had a particularly demanding caseload, including a felony trial on December 7 and 8, an appeal, and another criminal matter. In no way do we condone counsel's failure to file timely responses, or at least to notify the court of the difficulties he was having–especially after he stated in his November 17 opposition to the motion to dismiss that he "should" be able to file the answers within ten days. But the concept of proportionality demands that plaintiffs not be unfairly penalized for negligence of their attorney. In these circumstances, we are persuaded that the drastic remedy of dismissal was disproportionate to the level of negligence shown. We thus conclude that the district judge abused his discretion when he denied plaintiffs' motion to vacate the dismissal and reinstate the case.

In *Jackson v. Washington Monthly Co.*, *supra*, we observed:

> When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and the protection of the citizenry from future imposition. Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

569 F.2d at 123–24 (footnote omitted).

Plaintiffs themselves suggest that an award of reasonable attorney's fees would be a more appropriate sanction than dismissal. We agree. Here unnecessary litigation has resulted from the undue neglect of plaintiffs' counsel. Therefore, it is ordered that the district judge require plaintiffs' counsel to pay "the reasonable expenses, including attorney's fees, caused by the failure" as provided in Rule 37(d), Fed.R.Civ.P. The denial of plaintiffs' motion to reinstate the case is reversed, and the district judge is ordered to vacate the dismissal and reinstate the case.