Silva, J.
This appeal arises from the denial of the defendant’s motion for relief from judgment. The summons in this action, based on breach of contract and G.L.c. 93A, was served on February 16,1987, but the manner of service is unknown, as the return of service on the copy of the summons attached to the report fails to state the manner in whichservicewasmade.In any event, the defendant was notified as he consulted with an attorney who indicated that he would file an answer upon receipt of a retainer. Nothing further was done, no retainer was paid, and the plaintiff received a judgment by default on June 3, 1987 in the amount of $41,260.62 plus interest of $1,657.94 and costs of $52.40. The original claim was for $13,500.00 plus treble damages and attorney’s fees of $750.00.
On June 12, 1987, the defendant through counsel filed a Rule 60(b)(1) motion for relief from judgment which was summarily denied in a one sentence finding.
In denying this motion, the judge effectively deprived the defendant of the opportunity to be heard on the merits. In view of the short span between judgment and motion, combined with the large amount of said judgment, the trial judge’s action appears to be severe.
In Ticchi v. Ambassador Cab, Inc. 11 Mass.App. Ct. 912 (1981), the Appeals Court found that a judgment entered under Mass. R. Civ. P., Rule 33(a) for failure to file answers to interrogatories twelve days after expiration of the thirty-day period and less than five months after the entry of the action was “too severe under (the) circumstances.”
By analogy, the complaint in this matter was filed January 30,1987, and the defendant was served on February 16, 1987. He consulted an attorney who retained the complaint and summons but indicated that he would not file an appearance or answer without a retainer, which was not paid. On April 18, 1987, the plaintiff filed a motion to assess damages and the cover letter addressed to the Court, as well as the affidavit of service attached to, the motion, both indicating that the attorney originally consulted by the defendant was notified of the filing of the motion, even though no appearance or answer had been filed. To the unsophisticated lay person, receipt of a letter and motion indicating that a copy had been forwarded to the attorney he had *119 originally consulted, would justify a conclusion that the matter was being attended to. The defendant’s affidavit states that he did not receive a notice of the default. Shortly after receiving the copy of the cover letter to the Court and the motion for assessment of damages, he received, from the first attorney, the papers which were initially retained.
Judgment was entered on June 3,1987 and notices were sent. On June 12, 1987, less than ten days after judgment and within slightly more than four months after commencement, motions to stay further proceedings and for relief from judgment were filed. As in the Ticchi case, the defendant filed his answer and counterclaim simultaneously with the motion for relief. Ticchi v. Ambassador Cab, Inc., supra.
It would appear that the motion was filed promptly, that the defendant has a meritorious defense, and that it was based on his-mistaken belief that the matter was being handled by counsel. It was excusable but we are not prepared to say that the fact that the defendant was temporarily unable to pay counsel amounts to carelessness.
All motions to vacate judgment under Rule 60(b) are addressed to the sound discretion of the trial judge, as he “is in the best position to balance the competing claims of fairness to the litigants and caseflow efficiency presented by such a motion.” Scanell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 157-158 (1987). Unlike the defendant in Scannell, the defendant in this case was not defaulted twice and did not sit idly by for four years before curing the default. The defendant can well be considered one of those “relatively unsophisticated individuals” referred to in Scannell v. Ed. Ferreirinha & Irmao, Lda., Id at 160. Under the circumstances of this case, it does not appear that the trial judge balanced the competing claims of fairness to the litigants, especially the defendant.
Particularly significant is the fact that the defendant, notwithstanding a claim of meritorious defense coupled with an intention to defend by seeking assistance of counsel, has been deprived of a trial on the merits. The purpose of Rule 60(b) is to provide a procedure for removing the burdens of a judgment where the interest of justice and fairness require relief. Pulliam v. Pulliam, 478 F.2d 935 (D.C. Cir. 1973). The exercise of the power to grant relief from a judgment rests within the sound discretion of the judge, which is to be applied “toward the objective that legal procedure becomes the vehicle for determination of the issues upon their merits instead of upon refinements of procedure.” Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733, 736 (Fla. App. Ct. 1964. Rule 60(b) is remedial in character and subject to a liberal interpretation and application in a situation where the mischief leading to the judgment occurs at the pre-trial stage. In addition, the rule has been said to contemplate an equitable balance of interests in determining the merits of a motion brought under its provision. Manos v. Fickenscher, 62 A.2d 791, 792-793 (D.C. 1948); Orange Transp. Co. v. Taylor, 71 Idaho 275, 280 (1951); Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426, 429-430 (1979).
Upon application of the criteria set forth in Berube, we are satisfied that the defendant acted promptly, that his defense has merit, that the conduct was not the product of a consciously chosen course, that the neglectful conduct occurred before trial, that the plaintiff will not be prejudiced by a trial on the merits, and that the error is chargeable in part to counsel, who, while not retained, gave the defendant the appearance of defending this action.
The test is not whether we could or would rule differently than the trial *120 judge but rather whether there was clear abuse of discretion. The judge made no findings of fact in ruling on the motion, but from the docket entries and from the report and the appendages thereto we find that he had no basis for denying the motion. Having found prejudicial error and a clear abuse of discretion, the motion for relief is allowed and the matter is remanded for trial.