914 F.2d 298
 286 U.S.App.D.C. 242
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Antonio L. JUMAWID, Appellant,
v.
Allen V. ROSE, Individually and as partners d/b/a Welhotel
Company, et al.
 No. 89-7257.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 27, 1990.
 
 Before WALD, Chief Judge, and BUCKLEY and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court orders filed September 26, 1989, and October 13, 1989, be vacated and the case remanded for further proceedings. "Trial court dismissal of a lawsuit never heard on the merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions." Jackson v. Washington Monthly Co., 569 F.2d 119, 123 (D.C.Cir.1977). We agree with the district court that the late and inadequate discovery responses warranted sanctions. On this record, however, it appears that it was the attorney rather than the client who was at fault. On remand, if the district court determines that the attorney was at fault, the court should apply an appropriate sanction against the attorney. See Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071, 1078 (D.C.Cir.1986) (noting that the court looks "disfavorably upon dismissals as sanctions for attorney misconduct or delay unless the client himself has been made aware of the problem, usually through notice from the trial court." (emphasis omitted)); Butler v. Pearson, 636 F.2d 526, 531 (D.C.Cir.1980) (dismissal for failure to answer interrogatories held to be an abuse of discretion).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.