Wheatley, J.
This is a suit for payment for services. After default by the defendants for failure to file answers, the trial judge allowed the plaintiffs’ motion for assessment of damages.
The defendants are appealing the denial of their motion to vacate allowance of plaintiffs’ motion for assessment of damages, arguing that the trial judge abused his discretion. We agree, reverse the trial court’s denial of the defendants’ motion to vacate, and remand it for further hearings.
Sherman Whipple and Lloyd Sargent, d/b/a Whipple, Sargent & Associates (Whipple), assignees from Whipple, Inc. (a dissolved Massachusetts corporation) of an account receivable for services performed for deHaart, Inc. (deHaart), filed their complaint for payment on April 2, 1998, against deHaart and its successor corporation, deHaartTechnologies, Inc. (DTI). Because both defendants were corporations, a pro se answer timely filed was rejected by the Clerk and returned to the defendants. On May 15, 1998, there being no further answer or attorney’s appearance on record, Whipple filed, inter alia, a request for default, a request for a default judgment, a memo of damages and a motion for assessment of damages to include attorney’s fees, all of which were marked for a hearing on May 26,1998, at 10:00 a.m. On that date, an attorney appeared for both defendants, and the matter was continued until June 9, which gave the attorney time to file an appearance.
At the appointed hour, 10:00 a.m. on June 2, the plaintiffs’ attorney appeared and the defendants’ attorney did not. The court entered a judgment for Whipple for $7,440.31. Later that day, at 2:00 p.m., the defendants’ attorney did appear, and, realizing his timing error, immediately filed a "motion to vacate allowance of plaintiffs’ motion for assessment of damages and reschedule hearing,” wherein he explained his timing mistake and stated that he had a good defense to the claimed damages. On June 10, the court allowed this motion to vacate and set a new hearing date on plaintiffs’ assessment motion for July 29.
At the July 29 hearing with all parties present and represented, the plaintiffs moved to prohibit DTI from offering any evidence and DTI moved to file its answer late. The court, without hearing any evidence, informed counsel that it would take the matter under advisement and left the bench. Later that day, rather than ruling anew on the plaintiffs’ assessment motion, the motion to prohibit evidence, or the motion to file a late answer, the judge reversed his decision on the defendants’ motion to vacate, noting, “On rehearing, motion denied,” from which *79 decision deHaart has appealed.
Rule 60(b) (1) permits a judge to relieve a party from the effect of an otherwise final judgment for reasons of “mistake, inadvertence, surprise, or excusable neglect.” “The rule ... provides a procedure for removing the burdens of a judgment where the interests of justice and fairness require relief.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979), citing Pulliam v. Pulliam, 478 F.2d 935, 936 (D.C. Cir. 1973). It is a remedial provision intended “to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal. ... [A]ny doubt should be resolved in favor of a trial on the merits.” Greater Baton Rouge Golf Association v. Recreation and Park Commission for the Parish of East Baton Rouge, 507 F.2d 227, 228-229 (5th Cir. 1975).
“The exercise of the power to grant relief from a judgment rests within the sound discretion of the judge, which is to be applied ‘toward the objective that legal procedure becomes the vehicle for determination of the issues upon their merits instead of upon refinements of procedure....’ [citation omitted] Rule 60(b) is... subject to a liberal interpretation and application in a situation where the mischief leading to the judgment occurs at the pretrial stage. In addition, the rule has been said to contemplate an equitable balancing of interests in determining the merits of a motion brought under its provisions.” Berube, supra, at 429.
“The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised ex gratia, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice....” Butner v. Neustadter, 324 F.2d 783, 786 (9th Cir. 1963).
The Berube court, supra, noted that the determination of when relief should be granted under the rule must be on a case by case basis, and cited six basic factors for consideration: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself....” Id. at 430-431.
The judge’s decision on appeal was made on July 29,1998. On July 30, the Clerk sent notice to counsel. The notice presumably was received a few days later. The defendants’ counsel filed his notice of appeal with the same Clerk on August 7, 1998. Clearly the requirements of factor 1 above were satisfied. There is also no question that the neglectful conduct occurred before trial (factor 3) and was chargeable to the defendants’ attorney, rather than the defendant corporations (factor 6).
An appearance by the defendants’ counsel at the hearing on the assessment of damages at 10:00 a.m. on June 9 was missed because he was under the impression that the hearing would be at 2:00 p.m. rather than at 10:00 a.m. When he was first in the court on this case on May 26, it was at a 2:30 p.m. hearing. Moreover, he was told by a person in the Clerk’s office that the hearing “probably would be at 2:00 p.m.” During a court discussion of the proposed new hearing date on the motion to assess, the defendants’ counsel misunderstood the time designated for the June 2 hearing. On June 2, he appeared at 1:45 p.m., which he considered early for the 2:00 p.m. appearance. It was not a matter of lack of diligence on his part, rather, it was a clear misunderstanding, or mistake. It was not a “product of a consciously *80 chosen course of conduct” on his part (factor 4).
An examination of the documents on record describing the merits of the case (factor 2) shows that Whipple, Inc., a former advertising consulting business now dissolved, assigned to Whipple its contracts and accounts receivable concerning deHaart. The plaintiffs claim that, prior to the dissolution of deHaart, its assets and liabilities were assigned to DTI. Alleging monies due for consulting services rendered by Whipple, Inc. to deHaart during the calendar year of 1995 and into the first part of 1996, Whipple sued DTI for breach of contract, money owed on an account annexed, a violation of the Bulk Transfer Act, and a violation of G.L.c. 93A[3] Document copies held by the defendants indicate that, through correspondence between Whipple and DTI, Whipple’s contract was terminated in May, 1996. Days later Whipple sent to DTI a detailed final invoice entitled “UPDATED COPY,” dated May 13, 1996, showing a balance due from deHaart of $2,500, an amount substantially less than that stated in the complaint. The invoice was promptly paid by DTI by a check dated May 16,1996. Since the first time that DTI was notified of the suit, it has insisted that any deHaart bill has been paid in full and that nothing further is owed. This evidence is enough to show that the defense sought to be revived has substance, thus justifying an inquiry into the merits of the case in order to ascertain whether the defendants are entitled to relief.
The complaint was filed on April 2, 1998 and the case is still in the pleadings stage. Much of the discovery has been effected by the disclosures made in connection with this appeal and the case can be ready soon for a hearing on the plaintiffs’ motion for assessment of damages. Thus, there is no showing here of the possibility of a substantial loss of time, or other prejudice to the plaintiff (factor 5).
“Although it is true that courts of appeal have shown great reluctance in cases of this kind to disturb the order of the trial court, it is equally true that denials of such relief by the trial court are scanned more carefully than cases where the trial court has granted relief, to the end that wherever possible cases may be heard on their merits.” Brill v. Fox, 911 Cal. 739, 744 (1931). In this case, we are of the opinion that allowing a default judgment and an ex parte decision on a motion for assessment of damages to stand was too harsh a remedy for the defendants, and we reverse the denial of the defendants’ motion to vacate and remand the case for an evidentiary hearing, under Mass. R. Civ. E, Rule 55(b)(4), on the plaintiffs’ motion for assessment of damages.
So ordered.

 Although deHaart is named in the complaint heading as a defendant, there is no claim set out against it in the body of the complaint. All four counts are against DTI.