HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. I would grant the petition for the writ of certiorari. On October 19, 1997, Kevin Aldridge sued Hy-Line Enterprises, Inc., alleging breach of warranty and fraud. He filed the action in the Chilton Circuit Court. On October 28, 1997, Randy Hoff, Hy-Line’s opera *1248 tions manager, sent a letter by certified mail to the circuit court clerk and to Al-dridge’s attorney, setting forth Hy-Line’s defenses to Aldridge’s complaint. Hy-Line alleges in its petition that the circuit court’s case action summary sheet does not note that letter, but the certified-mail receipt shows that the letter was received by the circuit court clerk’s office. On January 22, 1998, the circuit court entered an order stating that action must be taken in the case or else it would dismiss the case. Notice of this order was sent to Aldridge, but not to Hy-Line. On February 11, 1998, the trial court entered a default judgment against Hy-Line, awarding Al-dridge $42,425. On February 23, 1998, Hy-Line moved to set aside the default judgment; the trial court denied that motion. Hy-Line appealed; the Court of Civil Appeals, on January 15, 1999, affirmed, without opinion. Hy-Line Enterprises, Inc. v. Aldridge, (No. 2971276) — So.2d-(Ala.Civ.App.1999) (table).
I agree with Hy-Line that the default judgment was improper. I would hold that Hy-Line made an appearance in this case and was therefore entitled to proper notice of the application for a default judgment. Such notice is required by Rule 55(b)(2), Ala. R. Civ. P. In affirming the default judgment, the Court of Civil Appeals, in its unpublished memorandum, cited cases holding that one who is not an attorney cannot appear as an advocate on behalf of a corporation. Given that it cites those cases, I assume the Court of Civil Appeals concluded that the letter Hoff sent to the circuit court clerk did not constitute a valid appearance on the part of Hy-Line and, therefore, because Hy-Line had failed to appear in the case, that the entry of a default judgment was proper. I disagree.
The cases cited by the Court of Civil Appeals did not involve the issue whether a representative who is not an attorney can make an appearance on behalf of a defendant corporation. Instead, two of those cases involved situations in which a nonattorney representative had submitted a complaint or a brief on behalf of another party. See Ex parte Ghafary, 738 So.2d 778 (Ala.1998) (executrix filed complaint to commence wrongful-death action on behalf of estate); and Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala. Civ.App.1997) (sole stockholder of closely held corporation filed brief on behalf of corporation); see also A-OK Constr. Co. v. Castle Constr. Co., 594 So.2d 53 (Ala.1992) (after attorney for corporation withdrew from case, president of corporation signed and submitted brief on appeal). The other two cases cited by the Court of Civil Appeals involved defendants who never filed any responsive pleadings with the circuit court clerk, through an attorney or otherwise. See Appalachian Stove & Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala.1989); Byrd v. Tate, 531 So.2d 1227 (Ala.Civ.App.1988).
I see a fundamental difference between those cases and the one now before us. The reason for prohibiting a nonlawyer from representing a corporation is that a layman should not serve others in a representative capacity in an area requiring the skill and judgment of a licensed attorney. See State ex rel. Porter v. Alabama Ass’n of Credit Executives, 338 So.2d 812 (Ala.1976). The rationale for not allowing a layman to make legal arguments on behalf of someone else is not applicable here. In this case, even though Hoff cannot represent the corporation, he should, as an agent of the corporation, be able to make an initial appearance for the corporation. An appearance would have entitled Hy-Line to notice of the trial court’s order stating that if action was not taken in the case, the case would be dismissed.
Apparently, neither the plaintiffs attorney nor the trial court informed Hy-Line that it could not make an appearance in the case without an attorney. Hy-Line alleges in its petition that the case action summary indicated that Hy-Line was proceeding “pro se” and that the plaintiffs attorney knew that Hoff had filed what *1249 purported to be an answer for the corporation. Hy-Line should not be prevented from presenting the merits of its case simply because it did not know that its “appearance” was invalid. At the very least, Hy-Line was entitled to notice of the trial court’s order stating that if no action was taken the case would be dismissed.
This Court has held that “[a]n appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court.” Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala.1977), overruled on other grounds, Ex parte Keith, [Ms. 1970541, Nov. 6, 1998] — So.2d - (Ala.1998). In Cockrell, this Court held that a document filed by the defendant, stating that his attorney would be replying in a few days, was sufficient to constitute an appearance in the case and entitled the defendant to notice of an application for entry of default. In this present case, Hoff filed a document setting forth Hy-Line’s defenses. He obviously intended to submit to the jurisdiction of the court. Even if Hoff was not able to represent the corporation, certainly his letter to the court should have entitled Hy-Line to notice that a default judgment might be entered against it. The policy of this Court, as Cockrell states, “favors the determination of cases on the merits and disfavors default judgments.” 349 So.2d at 1120. This Court further stated in Cockrell that the failure to give the required notice required that the default judgment be set aside, “regardless [of] whether [the] defendant [had] shown a meritorious defense.” Id. For these reasons, I would grant the petition for the writ of certiorari.