The trial court refused to set aside a divorce decree obtained by default. The wife appeals and we reverse.
We find that the default judgment was entered without the three-day notice period required under A.R.Civ.P. rule 55 (b)(2) and, further, that the learned trial judge abused his discretion when he refused to grant appellant's timely rule 55 (c) motion to set aside the judgment.
In reviewing this case we rely upon the following statement of facts set out in the wife's brief and adopted by the husband: On April 4 (all dates are 1983), the husband filed a petition for divorce in Montgomery County Circuit Court. The petition was served on the wife April 5. On May 2, the wife responded to the petition by a letter to the circuit court which stated as follows:
 "I am answering the summons; in the petition for divorce filed by Roy T. Evans, Jr. He is represented by Earl Gillian. I am at present trying to retain a legal counselor.
 "I do intend to respond to the petition accordingly, honestly, and as soon as possible."
On May 20, on an inquiry from the trial court register, the circuit judge determined that the letter did not constitute a formal answer. Accordingly, on May 25, the husband filed an application, affidavit, and entry of default and default judgment. The deputy register entered a default judgment that same day. On May 30, the circuit judge entered a decree of divorce by default in which custody of the minor children and division of the couple's real and personal property was decided. *Page 950 
On June 9, after having secured counsel, the wife filed a motion to set aside the default judgment. After the trial court denied the wife's motion, she appealed to this court.
For either of two reasons, we find that the trial judge erred in refusing to set aside the default judgment. The first reason is that the wife was not "served with written notice of the application for judgment at least three days prior to the hearing on such application" as required under A.R.Civ.P. rule 55 (b)(2). We do not express any opinion as to whether the trial court correctly determined that the wife's letter did not qualify as a formal answer under rule 8. However, the trial court did err in not at least treating the letter as an appearance for the purpose of rule 55 (b)(2). In Cockrell v.World's Finest Chocolate Co. 349 So.2d 1117 (Ala. 1977), the defendant submitted a document to that court which bore the style and number of the case and stated that defendant's attorney would be replying in a few days. The Cockrell court held that the document constituted an appearance and entitled defendant to the three-day notice period set out in rule 55 (b)(2). The May 2 letter from the wife in the instant case cannot be distinguished from the Cockrell letter. As required by Cockrell, see id. at 1120, the wife's letter qualifies as "some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court," id., as it states specifically that the wife is answering the summons and that she is trying to obtain legal counsel to respond "as soon as possible." Under these circumstances it was incumbent upon the husband to give his wife at least three days written notice of his application for the default judgment. As the default judgment was obviously entered without such notice, it should have been set aside.
The second reason for holding in favor of the wife is that, regardless of the label put on the May 2 letter, the wife has at all times demonstrated due diligence in her defense of this action, e.g., responding to the summons before the expiration of thirty days and then securing counsel and moving to set aside the default judgment within two weeks after it was entered. Judgments by default are generally disfavored because they deprive the parties of a resolution of the matter on the merits. See, e.g., Hen House, Inc. v. Robertson, 410 So.2d 42
(Ala. 1982). We think that especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved. Under the instant facts, we find an abuse of discretion in the trial court's refusal to set aside the default judgment on the wife's motion. The judgment below is due to be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.