A third-party defendant, E.H. Smith and Son Electrical Contractors, Inc. ("Smith"), suffered a default judgment in the amount of $250,820.11. Smith moved for relief from the judgment under Rule 60(b)(1) and (6), A.R.Civ.P.; the trial court denied the motion. Smith appealed. We reverse and remand.
On March 19, 1989, an accident occurred at the Springdale Mall Shopping Center ("Springdale"), in Mobile, Alabama. In a resulting lawsuit the plaintiffs alleged that Joseph William Joyave, a minor, was holding onto an iron fence enclosing a metal lamppost when the iron post and fence fell over and injured him. On June 26, 1989, Joseph Joyave, by and through his next friend Sharon Joyave, and Sharon Joyave individually, sued Springdale, a joint venture; Sizeler Real Estate Management Company, Inc.; and CIGNA Corporation ("the defendants"), in the Circuit Court of Mobile County.[1]
The defendants filed an answer on August 18, 1989, denying liability. Although the original complaint did not name Smith as a defendant, the defendants placed Smith on notice of a potential claim and requested that Smith alert its insurance carrier of the claim. Between June and October 23, 1989, the original defendants' insurer and Smith's insurer were in contact with each other. On April 27, 1990, the original defendants amended their answer and filed a third-party complaint against Smith and Stewart Iron Works, Inc.,[2] alleging that if the original defendants were liable to the Joyaves, then that liability was solely and proximately caused by the negligence and/or wantonness of the third-party defendants.
On April 30, 1990, a summons and a copy of the third-party complaint were posted to Smith via certified mail. The summons had the words "Third Party" handwritten at the top, and the copy of the third-party complaint had a copy of the original complaint attached as an exhibit. The evidence reflects that Donna Herring, a Smith employee, signed for the certified mail.
On August 30, 1990, the original defendants as third-party plaintiffs, moved for an entry of default judgment against Smith because Smith had failed to answer the third-party complaint. The trial court entered an order purporting to be a default judgment, with leave to prove damages. However, the damages could not be determined until a trial of the principal matter between the Joyaves and the original defendants. On a trial of that principal matter, the defendants were found liable. On December 20, 1990, after that trial, the *Page 576 
trial court assessed damages against Smith in the amount of $250,820.11. We construe the August 30 entry as the entry of a default, see Rule 55(a), A.R.Civ.P., and the December 20 entry as the entry of a default judgment.
On March 22, 1991, Smith answered the complaint, and on March 25, 1991, Smith filed its motion for relief from judgment under Rule 60(b), A.R.Civ.P. On April 18, 1991, after a hearing and oral argument, the trial judge denied Smith's motion. On April 24, 1991, Smith filed a notice of appeal.
Smith first contends that the service of process in this case was improper and that the default judgment was therefore void for lack of jurisdiction. Service by certified mail is authorized by Rule 4.1, A.R.Civ.P., when a written request is made by the plaintiff to the clerk. The case action summary sheet in the record in this case indicates that service was valid. This notation appears on the sheet: "4-3[0]-90 Third Party Complaint Summons w/Fast Track Pre-Trial Order to E.H. Smith and Son Electrical Contractors, Inc. . . . Sent cert[tified] mail." The summons accompanying the third-party complaint that was mailed to Smith is dated "4-30-90." The receipt of the summons and complaint was by "D. Herring," a Smith employee. The return receipt indicates the date of delivery as "5-8-90." It was noted on the case action summary that Smith was served on "5-8-90." According to the rule, service was complete on May 8, 1990, and the 30 days allowed for answering began to run on May 9, 1990, the next day. See Rule 6(a), A.R.Civ.P.
We next look at Smith's contention that the trial court erred in denying its motion for relief from judgment pursuant to Rule 60(b)(1) and (6). Smith contends that it is entitled to have the trial court's ruling reversed because, it argues, its failure to respond to the third-party complaint was the result of mistake, inadvertence, surprise, or excusable neglect and the denial of relief would result in extreme hardship and injustice. Rule 60(b) states in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
We must first determine whether Smith's motion pursuant to Rule 60(b)(1) was filed within four months after the final judgment. On August 29, 1990, the trial court entered an order stating in part:
 "The third-party defendant, having been duly served with the third-party summons and complaint and not being an infant or an unrepresented incompetent person and having failed to plead or otherwise defend, and its default having been duly entered and the third-party defendant having taken no proceeding since such default was entered.
 "It is ORDERED and ADJUDGED that third-party plaintiffs receive a judgment against the third-party defendant with leave to prove damages."
That order was noted on the case action summary sheet on August 30, 1990, but the issue of damages had not been settled at that time; thus, there was no judgment until December 20, 1990, when liability had been determined and the damages were assessed. The motion for relief from judgment was filed on March 25, 1991, which was within the four-month limitation.
Because the motion was timely made, we must consider whether the trial court erred in denying relief from the judgment under Rule 60(b). A ruling on a Rule 60(b) motion falls within the judicial discretion of the trial court, and an appellate court is authorized to disturb such a ruling only for an abuse of that discretion. Menefee v. Veal, 484 So.2d 437 (Ala. 1986);Wise v. Louisiana-Pacific Corp., 539 So.2d 1061 at 1062 (Ala.Civ.App. 1988).
We have carefully reviewed the record and the evidence in this case, and *Page 577 
conclude that the trial court erred in failing to grant relief from the judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. Accompanying Smith's Rule 60(b) motion were two affidavits, one from Smith's president, Mr. E.H. Smith III, and one from Donna Herring. Mr. Smith stated in his affidavit that he did not know what Herring had signed for. He stated:
 "A diligent search has not been able to determine what happened to the document that Herring signed for. I can only assume that it was misplaced, lost or thrown away. It may have been assumed that the amended answer was another document in the lawsuit that did not involve E.H. Smith Son Electrical Contractors, Inc."
Mr. Smith stated that he thought the dispute had been dropped as to his company. He also asserted that his company had a meritorious and plausible defense to the claim asserted because, he said, it did not manufacture or install the lamppost. Donna Herring's affidavit states in part that she believed that what was enclosed in the envelope was the original complaint filed on June 26, 1989, which was printed on legal-size paper. She said she did not recall having seen the third-party complaint. This is the type of situation that Rule 60(b)(1) is intended to address. Wiggins v. TuscaloosaWarehouse Groceries, Inc., 396 So.2d 91 (Ala. 1981); Lee v.Martin, 533 So.2d 185 (Ala. 1988); Sanders v. Weaver,583 So.2d 1326 (Ala. 1991).
For this reason, the judgment denying the Rule 60(b) motion is due to be reversed, and the trial judge is instructed to enter an order granting relief from the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs in the result.
[1] The complaint alleged that the defendants were responsible for negligently maintaining, inspecting, repairing, manufacturing, altering, tampering with, operating, and managing the lamppost and fence.
[2] On September 10, 1991, the court dismissed the claim against Stewart without prejudice.