YATES, Judge.
R.D.B., Jr., appeals from a default judgment entered on July 30,1993, declaring that he was the father of a certain minor child and ordering him to pay child support. R.D.B., Jr., moved for relief from the judgment under Rule 60(b)(6), Ala.R.Civ.P.; the trial court denied the motion. R.D.B., Jr., appeals and we reverse and remand.
We recognize that a ruling on a Rule 60(b) motion falls within the judicial discretion of the trial court, and this court will reverse such a ruling only for an abuse of discretion. E.H. Smith & Son Electrical Contractors, Inc., v. Springdale Mall Joint Venture, 592 So.2d 574 (Ala.1992). Further, the Alabama Supreme Court in Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978), noted:
“It is equally well settled that the denial of a 60(b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set *871 aside, but is limited to deciding the correctness of the order from which he appeals.”
Rule 60(b) provides:
“On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.”
To obtain Rule 60(b) relief, the mov-ant must allege and prove one of the grounds set out under the rule and a meritorious defense to the action. Reese v. Robinson, 523 So.2d 398 (Ala.1988).
R.D.B., Jr., asserted that he was entitled to relief from the default judgment under Rule 60(b)(6). To meet the meritorious defense element, he did not have to prove to the trial court that he would prevail at a trial on the merits, only that he was prepared to present a plausible defense. Fountain v. Permatile Concrete Products, 582 So.2d 1069 (Ala.1991). With his Rule 60(b) motion, R.D.B., Jr., filed a copy of his “Motion To Set Aside,” which stated:
“1. For that [RA.P.B.] and [R.D.B., Jr.,] received a Judgment of Divorce in the Circuit Court of Houston County, dated November 18, 1991, and said Judgment of Divorce encompassed an Order for blood tests. Said Order is marked and enclosed. ... Further, blood tests based upon said Order for the purposes of divorce and the termination of child support clearly indicate that [R.D.B. Jr.,] can not be the biological father of the child....
“2. [R.D.B., Jr.,] was never properly served with summons and petition. [He] has been incarcerated in the Houston County Jail for driving under the influence and was never served as clearly shown on the Order Establishing Paternity on which service of summons and petition by any means was not marked. A copy of said Order showing no service is included as Exhibit ‘3’.
“3. [R.D.B., Jr.,] shows that Exhibit ‘3’ was mailed to the home of [his] parents but a summons and petition showing the date of paternity hearing was never delivered to the same address.
“4. [R.D.B., Jr.,] further states enclosed is a copy of [R.A.P.B.’s] Oral Deposition sworn to and presented to the Houston County Circuit Clerk as part of the divorce between [R.A.P.B.] and [R.D.B., Jr.,] in which [R.A.P.B.], clearly states that there have been no children bom of this marriage.
“5. Order of July 30, 1993, should be set aside based on res judicata as the issue of paternity of this child between [R.A.P.B.] and [R.D.B., Jr.,] has already been adjudicated in the Circuit Court of Houston County ... by finding that [R.D.B., Jr.,] was not the father of said child based upon the sworn statement of [R.A.P.B.] and paternity test results. All of which are exhibits with this motion.”
A review of the record reveals that R.D.B., Jr., did, in fact, have a meritorious defense. Rule 60(b)(6) relief is reserved for extraordinary circumstances and is available only in cases of exceptional circumstances, extreme hardship, or injustice. Smith v. Clark, 468 So.2d 138 (Ala.1985). We conclude that the facts in this case indicate such extraordinary and compelling circumstances as to justify relief; the trial court erred in failing to grant relief from the judgment.
Accordingly, the judgment denying the Rule 60(b) motion is reversed, the cause is remanded, and the trial court is instructed to enter an order granting relief from the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs in the result.
THIGPEN, J., dissents.