MADDOX, Justice
(dissenting).
This case presents a single question involving an important question of family law: Does Alabama law require a man who has been determined not to be the biological father of a child to be legally responsible for that child? The majority says that “the facts and the procedural posture of this case are exhaustively treated in Judge Thigpen’s dissent to the Court of Civil Appeals’ majority *876 opinion” and that “[t]his Court concludes that Judge Thigpen’s analysis set out in his dissent is correct, and we adopt that analysis as our own.” 680 So.2d at 874. In his dissenting opinion, Judge Thigpen stated that R.D.B., Jr., had procedurally defaulted and should not be able to raise the issue of the child’s paternity in a Rule 60(b), Ala.R.Civ.P., proceeding. Judge Yates, writing for the majority of the Court of Civil Appeals, concluded from a review of the record “that R.D.B., Jr., did, in fact, have a meritorious defense,” because “the facts in this case indicate such extraordinary and compelling circumstances as to justify relief.” R.D.B., Jr. v. State Department of Human Resources ex rel R.A.P.B., 680 So.2d 870, 871 (Ala.Civ.App.1994).
The holding of the majority of the Court of Civil Appeals is consistent with the provisions of Act No. 94-638, Acts of Alabama 1994, p. 1177, approved April 26, 1994, now codified at § 26-17A-1, Ala.Code 1975):
“§ 26-17A-1. Reopening of paternity case.
“(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.
“(b) The test shall be made by a qualified expert approved by the court. The expert may be called by the court or any party as a witness to testify to the test results and shall be subject to cross-examination by the parties. The test results may be admitted into evidence. If more than one test is performed and the results are conflicting, none of the test results shall be admissible as evidence of paternity or nonpaternity.
“(c) Compensation of the expert witness shall be paid by the petitioner.
“(d) In the event the child has been adopted the matter of paternity may not be reopened under this chapter.”
The Alabama Legislature adopted this Act overwhelmingly.[1]
Although I was unable to find any legislative history regarding the intent of the Legislature, it appears to me that the Legislature intended to provide that a defendant who has been adjudged to be the father of a child can reopen the case, except where the child has been adopted, by presenting scientific evidence to the contrary.
I recognize that the defendant’s motion for relief in this case was filed on October 14, 1993, before the adoption of Act No. 94-633, but the holding of the Court of Civil Appeals, in my opinion, is consistent with the intent of the Legislature to allow a man to reopen a paternity case, except in case of an adoption, if he has scientific proof that he is not the father of the child. A defendant would not be able, of course, to recoup any amounts paid, or ordered to be paid, before he asks that the case be reopened.[2]
It appears to me that one of the purposes of the statute is to allow a defendant like R.D.B., Jr., to reopen an adjudication of paternity if he has proof, as obviously R.D.B., Jr., has in this case, that he is not the biological father of the child.[3] Consequently, *877 the holding of the majority of the Court of Civil Appeals is consistent with what I think was the intent of the Legislature.
In reversing the judgment of the Court of Civil Appeals, the majority of this Court follows the analysis of Judge Thigpen in his dissent, and that is the position that the State Department of Human Resources took on the issue presented here. That analysis and that position would apply the strict rules of res judicata to adjudications of paternity and would saddle R.D.B., Jr., with the legal obligation to support a child that everyone now knows is not his. The majority of the Court of Civil Appeals concluded that R.D.B., Jr., had a meritorious defense. The Legislature, by statute, has established a public policy that is consistent with this position; consequently, I believe that the majority of the judges on the Court of Civil Appeals correctly decided the legal issues in this ease and that their decision is consistent with the public policy of this State to allow a man like R.D.B., Jr., to reopen an adjudication of paternity when he can show that he is not the biological father of the child. See, also, the Court of Civil Appeals’ majority opinion in State ex rel. A.T. v. E.W., [Ms. 2940404, November 17, 1995] — So.2d-(Ala.Civ.App.1995), which reaches a similar conclusion.
HOOPER, C.J., and COOK, J., concur.

. The House and Senate Journals show that only two members of the House, on the bill's third reading, voted against the bill and that not a single senator voted against the bill when it was read for the third time.

. The Act provides that ‘‘[i]n any decree setting aside an order of paternity pursuant to this chapter, there shall be no claim for damages against the court rendering the initial order of paternity nor any reimbursement or recoupment of money or damages against the mother.” § 26-17A-2, Ala.Code 1975.

.The record suggests that R.D.B., Jr., was adjudicated to be the father of the child before he married the child's mother, but he is no longer married to the mother of the child, and his attempt to reopen the paternity issue came in response to a request by the mother that he be required to pay more child support.