L. CHARLES WRIGHT, Retired Appellate Judge.
The husband filed a complaint for divorce in Sumter County on December 18, 1995. The wife was served with the complaint on December 22, 1995. On January 22, 1996, the husband filed an application for entry of a default judgment, alleging that the wife had failed to respond to the complaint for divorce. The circuit clerk entered a default judgment against the wife on January 22, 1996. On the same day, the circuit court entered a final judgment of divorce. The wife filed a motion to set aside the default. She filed this appeal prior to the trial court’s ruling on her post-judgment motion.
The wife asserts that the trial court erred in entering the final judgment of divorce by default.
The facts are undisputed. The wife was served with the complaint on December 22, 1995. According to Rule 12, Ala. R. Civ. P., she had 30 days in which to respond to the complaint. The thirtieth day was January 21, 1996, which fell on a Sunday. Pursuant to Rule 6, Ala. R. Civ. P., the wife’s responsive pleading was, therefore, due to be served by January 22,1996.
The record reflects that on January 22, 1996, the same day the default judgment was entered, the wife served the husband’s attorney with a motion to dismiss the action, alleging that the trial court lacked the jurisdiction to entertain the complaint. That motion was filed in the clerk’s office on January 23,1996.
Rule 12, Ala. R. Civ. P., provides that “[a] defendant shall serve his answer within 30 days after the service of the summons and complaint_” Rule 5(b), Ala. R. Civ. P., provides that if a party is represented by counsel, then service may be made upon the attorney. Rule 5(d), Ala. R. Civ. P., provides that the pleading must be filed with the court “either before service or within a reasonable time thereafter.... ”
In this case the wife served the husband’s attorney on January 22,1996, the last day for service. The responsive pleading was filed in the clerk’s office the next day. The trial court’s action in entering the default judgment on January 22, 1996, was premature. The wife made a timely appearance. Therefore, she was entitled to the three-day notice period required by Rule 55(b)(2), Ala. R. Civ. P. The wife did not receive notice. It was, therefore, error for the trial court to enter the default judgment. Evans v. Evans, 441 So.2d 948 (Ala.Civ.App.1983).
The trial court is directed to set aside the default judgment. The case is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN, J., concurs specially.