LYONS, Justice.
. Christopher Gilliam petitions for a writ of mandamus directing Judge Thomas S. Wilson of the Tuscaloosa Circuit Court to reinstate a default judgment entered in his favor in a retaliatory discharge action. For the reasons discussed below, we deny the petition.
On September 15,1997, Gilliam sued Western Auto Supply Company, alleging that it had violated § 25-5-11.1, Ala.Code 1975, by unlawfully discharging him in retaliation for claiming and receiving workers’ compensation benefits. On September 25,1997, Western Auto’s law department received from its agent the summons, the complaint, and Gilliam’s initial discovery requests. Apparently, the complaint was sent to Western Auto’s “risk administrator” for notification of its insurance company. Western Auto’s insurance company, on October 8, 1997, denied coverage and declined to defend Western Auto. The risk administrator then sent a copy of the complaint to Western Auto’s general counsel for further action.
On October 22, 1997, Western Auto’s general counsel asked Gilliam’s counsel for an extension of time, to allow Western Auto to retain Alabama counsel and then to file an answer. Gilliam’s counsel agreed to an extension until November 15, 1997. Western Auto did not answer by November 15, and Gilliam applied for a default judgment on November 25, 1997. After an entry of default and a hearing to prove damages, the trial court entered a default judgment for Gilliam in the amount of $375,000. Not until Western Auto’s general counsel received a bill of costs on January 14,1998, did Western Auto retain Alabama counsel; on January 20, 1998, Alabama counsel filed a motion to set aside the default judgment, under Rule 55(e), Ala. R. Civ. P. The trial court granted that motion on March 4, 1998, but awarded Gilliam $1,000 in sanctions for Western Auto’s delay.
In its order, the trial court found that Western Auto had failed to answer the complaint because of negligence, not willful misconduct or bad faith. Western Auto contends that the negligence occurred because it was undergoing significant corporate restructuring in September, including a downsizing of its law department. Also, Western Auto says, the position of risk administrator was eliminated in that restructuring, resulting in the transfer of 130 litigation files, including Gilliam’s original complaint, to the law department in early November. These files were indexed in December, but Gilliam’s complaint apparently was overlooked. Western Auto’s general counsel stated that he had a copy of Gilliam’s complaint on his desk or in his nearby file cabinet from October 22, 1997, to January 14,1998, but that that copy also was inadvertently neglected.
The trial court also found that Western Auto had presented substantial evidence of a meritorious defense. This evidence consisted of an affidavit from Gilliam’s supervisor stating that Western Auto terminated Gilliam because he had failed to report to work or to call in on August 18, 20, 21, 22, and 23,1997. *905 The supervisor also stated that he had no responsibility for handling workers’ compensation claims and that neither Gilliam’s injury nor his compensation claim had anything to do with the termination. Western Auto also contends that it terminated Gilliam for failing to report on days prior to August 1997.

I. Standard of Review and Discretionary Authority under Rule 55(c)

When reviewing a petition for a writ of mandamus directing a trial court to reinstate a default judgment, our review is confined to determining whether the trial court abused its discretion in setting aside the default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). When deciding whether to grant a motion to set aside a default judgment, a trial court has broad discretion. Id. at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: judicial economy and a litigant’s right to defend on the merits. Id. at 604. These interests must be balanced under the two-step process we established in Kirtland.
The Kirtland rule mandates that we begin with the presumption that cases should be decided on the merits whenever it is practicable to do so. Id. This presumption exists because the right to have a trial on the merits outweighs the need for judicial economy. Id. Second, the trial court must apply a three-factor analysis in deciding whether to grant a motion to set aside a default judgment. These factors are “(1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant’s own culpable conduct.” Id. at 605.

II. Three-factor Analysis

(a) Meritorious Defense

Gilliam first contends that the trial court abused its discretion when it found that Western Auto had a meritorious defense to his retaliatory discharge claim. Specifically, Gilliam argues that Western Auto is collaterally estopped from defending against his claim by asserting that he was terminated for failing to report for work or to call in on August 18, 20, 21, 22, and 23, 1997. This estoppel claim is based on a decision of a Department of Industrial Relations appeals referee finding that Gilliam was fired on August 17.[1] Thus, Gilliam asserts, Western Auto cannot now defend on the basis that it' fired him for failing to report to work after he was fired.
Even assuming, arguendo, that the doctrine of collateral estoppel applies to bar Western Auto’s defense, we still cannot conclude that the trial court abused its discretion in finding evidence of a meritorious defense. A “meritorious defense,” for Rule 55(c) purposes, simply means that the defendant has some plausible defense. Kirtland, 524 So.2d at 605. From the record, the trial court could have concluded that Western Auto has at least two other plausible defenses.
Western Auto seeks to defend Gilliam’s claim on the basis that it fired him because he failed to report to work on days other than the five days in August 1997, and that Gilliam’s termination had nothing to do with his claiming and receiving workers’ compensation benefits. Both of these reasons could be defenses to a retaliatory discharge claim under § 25-5-11.1, Ala.Code 1975. We have held that having excessive absences constitutes a legitimate reason for termination. Smith v. Dunlop Tire Corp., 663 So.2d 914 (Ala.1995). Also, a defendant can defend a retaliatory discharge claim by rebutting a plaintiff’s prima facie case. See Twilley v. Daubert Coated Prods., 536 So.2d 1364 (Ala.1988). Cf. Alabama Great Southern Railroad Co. v. Morrison, 281 Ala. 310, 316, 202 So.2d 155, 160 (1967). Thus, by claiming that Gilliam’s dismissal had nothing to do with his claiming and receiving workers’ compensation benefits, Western Auto seeks to rebut his prima facie case showing that he was fired for making the workers’ compensation claim. Therefore, the trial *906 court did not abuse its discretion in finding that Western Auto has a meritorious defense.

(b) Absence of Prejudice to the Nondefaulting Party

When ruling on a Rule 55(c) motion, a trial court must also consider any prejudice that would result to the nondefaulting party should the default judgment be set aside. Kirtland, 524 So.2d at 606. This prejudice must be substantial. Id. at 607. Gilliam alleges that he has suffered prejudice because, he says, he has had increased economic and emotional duress because of the delay of the litigation, and because the delay, he says, has caused a loss of evidence. We consider these arguments in turn.
First, this Court has consistently held that mere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment. See, e.g., Cunningham v. Gibson, 618 So.2d 1342, 1344 (Ala.1993). Thus, Gilliam’s increased costs would not constitute substantial prejudice. Furthermore, we have held that an award of costs and attorney fees can offset any prejudice to a litigant caused by increased cost. See Storage Equities, Inc. v. Kidd, 579 So.2d 605, 608 (Ala.1991). Because the trial court awarded Gilliam $1,000 in costs and attorney fees, it alleviated any prejudice to Gilliam.
Second, Gilliam alleges that he has been substantially prejudiced because, he says, the passage of time has undoubtedly affected the memories of witnesses and the availability of evidence. As a general rule, a delay that results in loss of evidence may amount to substantial prejudice. Sanders v. Weaver, 583 So.2d 1326, 1329 (Ala.1991). However, Gilliam presented no concrete facts indicating that any witnesses are now unavailable or that any evidence has been lost. Instead, he relies merely on his allegations and conclusions. We have held that mere allegations and conclusory statements do not constitute sufficient evidence to establish facts. See Hall v. Chrysler Corp., 553 So.2d 98, 100 (Ala.1989). Thus, the trial court did not abuse its discretion in finding that Gilliam would not incur any substantial prejudice from an order setting aside the default judgment.

(c) Culpability of the Defaulting 'Party’s Conduct

Last, a trial court must evaluate “the culpability of the defaulting party’s conduct.” Kirtland, 524 So.2d at 607. To warrant a refusal to set aside a default judgment, the defaulting party’s actions must constitute willful conduct or conduct committed in bad faith, because “[njegligence by itself is insufficient.” Id. Bad faith or willfulness is identified by “incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.” Id. at 608.
The trial court found that Western Auto’s conduct amounted to mere negligence. A trial court’s finding with respect to the culpability of the defaulting party is subject to great deference. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala.1988). Gilliam, however, asserts that he presented evidence of bad faith or willful misconduct by showing that Western Auto had no system for answering lawsuits in a timely fashion; that it delegated that responsibility to a paralegal; and that Western Auto’s general counsel had known of the extension date.
The rule, however, is that “a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.” Kirtland, 524 So.2d at 608. Western Auto maintains that Gilliam’s complaint was overlooked because of an increased workload in its law department, an increase attributable to corporate restructuring. Western Auto also says that the complaint was “dropped through the crack” when 130 litigation files were moved to the law department for indexing and when Western Auto’s general counsel inadvertently neglected the file. Western Auto also claims that its telephone call to Gilliam’s counsel and its immediate response to the bill of costs indicate good-faith intentions.
These facts are similar to those in other cases in which we have held that a trial court might, in its discretion, find a reasonable explanation that precluded a finding of culpability. See E.H. Smith & Son Elec. Contractors, Inc. v. Springdale Mall Joint Venture, *907 592 So.2d 574 (Ala.1992) (where company president’s affidavit explained that the company did not receive notice because the employee who had received it apparently lost, misplaced or threw away the complaint); Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala.1990) (employees’ affidavits stated that summons and complaint were misplaced because of inadvertence, mistake, and neglect, and the company took immediate action to set aside the default). In light of these cases, and Western Auto’s apparent good faith intentions, we cannot say that the trial court abused its discretion in finding that Western Auto’s conduct amounted to negligence, but not bad faith or willful misconduct.

III. Conclusion

As stated, our review is confined to determining whether the trial court abused its discretion in setting aside the default judgment. Because we find no abuse of that discretion, we deny Gilliam’s petition.
PETITION DENIED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.

. Western Auto did not appeal from this decision.