SHAW, Justice.
Progress Industries, Inc. (“Progress”), one of three named defendants below, appeals from the denial of its motion to set aside a default judgment against it and in favor of Dexter K. Wilson and Denise Wilson, the plaintiffs below, in the plaintiffs’ products-liability action. We reverse and remand.

Facts and Procedural History

On August 25, 2004, while cleaning wood chips from beneath a “step feeder” as part of his employment responsibilities with MeadWestvaco, a wood-processing facility in Phenix City, Dexter suffered an on-the-job injury that resulted in the amputation of his right leg below the knee. As a result of that injury, the plaintiffs, on July 26, 2006, filed the underlying action in the Russell Circuit Court seeking damages pursuant to the Alabama Extended Manufacturer’s Liability Doctzhne, as well as for negligence and wantonness. Dexter’s wife, Denise, sought damages for loss of consortium. The complaint named as defendants Linden Fabricating, Ltd. (“Linden”), a Canadian corporation; Three-D Metal Works, Inc. (“Three-D”) a South Carolina corporation; and Progress, an Alabama corporation, as the alleged designers, manufacturers, distributors, and/or installers of the step feeder and certain “drag chain” equipment, which the plaintiffs alleged were defective and unreasonably dangerous.
On August 15, 2006, Progress’s president, Iradj Tarassoli, drafted a letter to the plaintiffs’ counsel in which he asserted that “[Progress] did not design, manufacture, sell or install the step feeder, drag chain or any component parts to Mead-Westvaco ... as referred to in the complaint.”[1] Tarassoli forwarded a copy of his letter to the clerk of the Russell Circuit Court, who stamped it as “filed” on August 18, 2006, and docketed it on the case-action summary as follows: “Answer of Comp Denied on 08/18/2006 for D003.”[2] Thereafter, both Three-D and Linden filed answers to the complaint. The trial court subsequently conducted a scheduling conference in January 2007. No representative for Progress appeared at the conference. On February 8, 2007, the plaintiffs propounded their first discovery requests to Progress.
The trial court again conducted a status-review conference in September 2007, which, again, Progress did not attend. Following that proceeding, on September 14, 2007, the trial court issued an order setting a date for the inspection of the subject equipment and entering a default judgment against Progress based on its “failure to appear, respond and defend the allegations of the plaintiffs’ complaint filed on July 27, 2006.” The record is clear that *503 the default judgment was entered only as to Progress’s liability and that damages would be determined at a later date.
On September 24, 2007, Tarassoli authored a second letter, this one addressed directly to the Russell Circuit Court, in which he indicated that Progress was in receipt of the court’s September 14 order entering a default judgment against Progress. In that letter, Tarassoli stated that “[Progress had] responded to that summon[s] on August 15, 2006” and referenced his initial letter discussed above. As an attachment to the September 2007 letter, Tarassoli enclosed a copy of the previous letter along with the certified-mail receipt dated August 16, 2006. Tarassoli indicated that, if necessary, he would be present at the upcoming equipment inspection.[3]
The trial court subsequently issued an order setting a damages hearing on the default judgment against Progress. On January 7, 2008, counsel for Progress filed a formal notice of appearance in the case. On January 18, 2008, Progress filed, pursuant to Rule 55(c), Ala. R. Civ. P., a motion to set aside the default judgment or, in the alternative, for relief from that judgment pursuant to Rule 60(b), Ala. R. Civ. P. Progress asserted that Tarassoli’s August 2006 letter constituted both an appearance in the case and an answer denying liability; thus, Progress contended, it did not receive the requisite three days’ notice before entry of default as required by Rule 55(b), Ala. R. Civ. P. As a result of the alleged lack of notice, Progress argued, the default judgment was void. In support of its alternative request for relief under Rule 60(b), Progress asserted that it had a meritorious defense to the plaintiffs’ complaint; that “the default judgment was entered as a result of inadvertence and excusable neglect”; that at least one communication from the circuit clerk had been addressed incorrectly and, as a result, Progress might also have missed additional communications from the circuit court; and that “an extreme hardship or injustice will result from enforcement [of the default judgment].” The motion was supported by eight exhibits, including the affidavit of Tarassoli (with attached photographic exhibits); the affidavit of Shawn Landress, a Progress employee, evidencing facsimile notification to the circuit clerk regarding Progress’s correct mailing address; and a proposed amended answer to be filed in place of Tarassoli’s initial letter.
Following the filing of the foregoing motion, Progress propounded initial discovery requests to the plaintiffs. The plaintiffs filed a response to Progress’s motion to set aside the default judgment in which they argued that Progress had failed to show that it was entitled to the requested relief. Specifically, the plaintiffs noted that Progress had failed to attend both status conferences set by the trial court and also did not respond to outstanding discovery requests. In addition, in support of their argument that Tarassoli’s initial letter to the trial court did not amount to an actual appearance by Progress, the plaintiffs cit *504 ed legal authority supporting their argument that, in Alabama, “[a] corporation can appear in court only through an attorney.” They further noted that Progress had yet to actually file a formal answer to the plaintiffs’ complaint. As to Progress’s request for relief pursuant to Rule 60(b), the plaintiffs maintained that Tarassoli’s assertion in his affidavit that he did not recall receiving notification of either of the status conferences did not amount to evidence demonstrating inadvertence, excusable neglect, newly discovered evidence, or fraud. On February 7, 2008, the trial court entered an order denying Progress’s motion to set aside the default judgment.
On February 8, 2008, Progress filed a supplemental letter brief in support of its Rule 55(c) motion in which it noted that the trial court had failed to actually enter a default before issuing the default judgment against Progress. Progress then filed both an answer to the plaintiffs’ complaint denying all material allegations contained in the complaint and a notice of service of its responses to the plaintiffs’ outstanding discovery requests. On that same date, Progress filed a motion requesting that the trial court reconsider its order denying the Rule 55(c) motion and a supplement to the alternative Rule 60(b) motion. Following Progress’s reply to the plaintiffs’ opposition, the trial court entered an order on March 18, 2008, setting out its findings based on the evidence adduced during the February 5, 2008, damages hearing and awarding Dexter damages totaling $4,261,344 and awarding Denise damages (on her loss-of-consortium claim) totaling $750,000.[4]
On May 20, 2008, Progress moved to set aside the trial court’s award of damages to the plaintiffs. In support of that request, Progress adopted all prior pleadings filed in an effort to obtain relief from the default judgment. On August 26, 2008, the trial court entered an order indicating that Progress would “be allowed to participate in discovery.” On September 5, 2008, the trial court entered an order certifying the default judgment against Progress as final pursuant to Rule 54(b), Ala. R. Civ. P. On October 2, 2008, Progress again filed a motion, purportedly pursuant to Rule 55(c), seeking to set aside the default judgment and the damages award, alleging essentially the same grounds previously asserted. The plaintiffs subsequently moved to strike Progress’s October 2008 motion on grounds that the default judgment became final at the time of the trial court’s March 18, 2008, order setting damages and, therefore, they contended, Progress’s October 2008 motion was untimely because it was filed more than 30 days after the entry of the March 18, 2008, order. They further argued that Progress had also “forever lost its appeal rights.”
Despite the judgment against it, Progress subsequently filed a witness list, a designation of its proposed experts, and an evidentiary filing consisting of a portion of the deposition of the plaintiffs’ proposed expert, Dr. Igor Paul,[5] in preparation for trial. Before the trial date, the matter proceeded to mediation. As a result, the *505 plaintiffs and Three-D filed a joint stipulation dismissing with prejudice all claims in their complaint against Three-D.[6] On February 9, 2009, the trial court entered an order denying “by operation of law” Progress’s October 2, 2008, motion seeking to set aside the default judgment and damages award.

Discussion

Initially, we note that, on appeal, the plaintiffs, consistent with their argument below, assert that Progress’s appeal is untimely. Specifically, they maintain that the trial court’s order became final— and the 42-day appeal period provided for in Rule 4(a)(1), Ala. R.App. P., was triggered — at the time the March 18, 2008, order assessing damages was entered. We disagree. Because there were multiple defendants named in the plaintiffs’ complaint, the judgment against Progress did not become final, for purposes of appeal, until the trial court’s September 5, 2008, Rule 54(b) certification.
“The significance of a judgment against less than all of the parties is that the judgment does ‘not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties’ Rule 54(b), Alabama Rules of Civil Procedure. (Emphasis added.) A judgment by default, rendered in advance against one of several defendants, is interlocutory until final disposition is made as to all the defendants. Ford Motor Credit Company v. Carmichael, Ala., 388 So.2d 539 (1980). Interlocutory orders, and judgments are therefore not brought within the restrie-five provisions of Rule 60(b), Alabama Rules of Civil Procedure, which provides for relief from final judgments. Instead such orders are left them to afford relief from them as justice requires. Wright & Miller, Federal Practice and Procedure: Civil [§ ] 2852.”
Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala.1982) (footnote omitted).
Further, Progress’s October 2, 2008, motion to set aside the default judgment pursuant to Rule 55(c) was timely filed within 30 days of the Rule 54(b) certification. See Lawler Mobile Homes, Inc. v. Ellison, 361 So.2d 1092, 1094 (Ala.Civ.App.1978) (noting that, pursuant to Rule 54(b), Ala. R. Civ. P., the default judgment was not final and appealable until dismissal of remaining defendant and “that defendant had thirty days thereafter to file a motion to set aside the default judgment” under Rule 55(c) (emphasis added)); Ex parte King, 776 So.2d 31, 35 (Ala.2000) (“The trial court did not set aside the entry of default before certifying the default judgment as final, nor did the court on its own motion set aside the judgment within 30 days after making that judgment final.” (emphasis added)). This motion tolled the appeal time, as set out in Rule 4, Ala. RApp. P., until it was denied by operation of law on December 31, 2008, see Rule 59.1, Ala. R. Civ. P., and the notice of appeal was filed on the 42d day thereafter.[7] Having concluded that Progress’s appeal is properly before us, we now turn to the issues raised by Progress. Progress asserts three separate allegations of error regarding the trial court’s refusal to set aside the default judgment. We hold, however, that the dispositive issue is whether there was an “appearance” by *506 Progress in this case sufficient to require that notice be given before the default judgment was entered against it; therefore, we pretermit discussion of the remaining issues raised by Progress on appeal.
Rule 55(b)(2), Ala. R. Civ. P., provides, in pertinent part: “If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application.... ” See also Dial v. State, 374 So.2d 361, 362 (Ala.Civ.App.1979) (“Once entry of default has been obtained against a party who had appeared but has subsequently failed to defend, the actual judgment of default can only be obtained upon the giving of three days notice before the hearing on the application.”).
“[W]hether a defendant’s acts amount to an ‘appearance’ within the meaning of Rule 55 depends upon the facts and circumstances presented in each case. In Alabama, the general rule relating to an ‘appearance’ is stated in Cockrell v. World’s Finest Chocolate, Inc., 349 So.2d 1117, 1120 (Ala.1977), [overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala.1998),] as follows:
“‘An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Pori-Wide Container Co., Inc. v. Interstate Maintenance Corp., 440 F.2d 1195 (3rd Cir.1971); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App. D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa.1961). See also Wright & Miller, [Federal Practice & Procedure: Civil ] at § 2686; Anno., 27 A.L.R. Fed. 620; Anno., 73 A.L.R.3d 1250.’
“In Hen House[, Inc. v. Robertson, 410 So.2d 42 (Ala.1982) ], this Court held that the filing of another action in the same court, involving the same subject matter as the suit in which a default judgment was obtained, was a ‘constructive appearance.’ Recently, in Western Union Telegraph Co. v. Crowder, 547 So.2d 876 (Ala.198[9]), the Court, rejecting the Livermore rationale, held that correspondence between plaintiffs and defendant’s counsel, concerning settlement of the case and an extension of time to answer the complaint, did not constitute an ‘appearance.’ The Court noted that in each Alabama case in which an appearance had been found, some writing had been filed in court to indicate an intention to defend the action.”
Lee v. Marlin, 533 So.2d 185, 186 (Ala.1988) (emphasis added).
“[W]e note that our policy favors the determination of cases on the merits, disfavoring default judgments. Cockrell v. World’s Finest Chocolate Co., Inc., Ala., 349 So.2d 1117 (1977)[, overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala.1998) ]. Furthermore, courts have refused to apply an overly technical and restrictive definition of ‘appearance’ in construing Rule 55. See, United States v. One 1966 Chevrolet Pickup Truck, 56 F.R.D. 459 (E.D.Tex.1972).
“The case of Hutton v. Fisher, 359 F.2d 913 (3rd Cir.1966), is illustrative of this point. There, defendant, as here, failed to file an answer or file other pleadings but did request and receive an assurance from opposing counsel that he would be given additional time to answer. The case was then assigned to another attorney within the plaintiffs *507 law firm who made application for and got a default judgment. This attorney was not aware of the agreement of his partner. The court held that under such circumstances the entry of the default was improper and that defendant was due notice.
“Furthermore, the Supreme Court of Alabama, in Cockrell v. World’s Finest Chocolate Co., Inc., supra, determined that the notice required by Rule 55(b)(2), [Ala. R. Civ. P.], must be given when the defaulting party has appeared and ‘has indicated a clear purpose to defend the action.’ (Emphasis supplied.) 349 So.2d at 1120. There, the defendant filed a document stating his attorney would reply within a few days, that defendant had been out of town, and that his attorney would be in contact very soon. The court concluded this was a sufficient ‘appearance’ under the rule.”
Dial v. State, 374 So.2d at 362-63.
Here, Tarassoli’s initial letter included the correct style of the case and the correct case number and also referenced the previously issued summons. Additionally, it indicated that, by the letter, Progress was “responding” to that summons. The letter further communicated the requisite intent to submit to the jurisdiction of the court and to defend the action by denying liability so as to make notice a condition precedent to the entry of a valid default judgment against Progress. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (1977); Dial, 374 So.2d at 363.
It is true that, in Western Union Telegraph Co. v. Crowder, 547 So.2d 876 (Ala.1989), we observed that diligent research had failed to “reveal an Alabama case that has found a letter or letters exchanged between plaintiffs and defendant’s counsel to be an ‘appearance’ within the meaning of Rule 55(b)(2)” and ultimately concluded that “without some filing, as meager as it might be, with the court,” no appearance had been made by the defendant held to be in default. 547 So.2d at 879.[8] Similarly, in Ex parte Phillips, 900 So.2d 412, 418 (Ala.2004), this Court likewise concluded that, in the absence of the filing of a written document with the trial court, “[a] telephone conversation and a letter between opposing counsel do not constitute a ‘submission or presentation to the court by which a party shows [its] intention to submit [itself] to the jurisdiction of the court,’ ” so as to invoke the three-day notice requirement of Rule 55(b)(2). Those cases, however, are clearly distinguishable from the one before us in which Progress did, in fact, file a copy of Tarassoli’s letter with the trial court, which docketed the letter on the case-action summary as an answer.
In the present case, the plaintiffs argue that Tarassoli’s letter cannot constitute an appearance because, they say, Alabama law does not permit a non-attorney to appear in a case on behalf of a corporation. The general rule in Alabama is that “a person must be a licensed attorney to represent a separate legal entity, such as a corporation.” Ex parte Ghafary, 738 So.2d 778, 779 (Ala.1998). Further, a corporate officer who “appearfs] as an advocate on behalf of a corporation, even one he wholly owns, [engages] in the unauthorized practice of law.” Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787, 787 (Ala.Civ.App.1997). This Court has thus held that a pleading filed by a non-attorney engaging in the unauthorized practice of law in purporting to represent *508 a separate legal entity is a nullity. Ghafary, 738 So.2d at 780-81. The purpose of this prohibition on the practice of law by non-attorneys, and accordingly the rule that a licensed attorney must represent a corporation, serves, among other things, “to protect the public ... by protecting citizens from injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law_” Ghafary, 738 So.2d at 779.
We have found no decision in Alabama indicating that an improper attempt by a non-attorney to file a pleading cannot per se constitute an “appearance” for purposes of Rule 55(b)(2). Further, the purpose of protecting citizens from “injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law,” 738 So.2d at 779, would not be served by holding that Tarassoli’s actions do not constitute an “appearance” in this case. As Chief Justice Hooper stated in a dissenting opinion in Ex parte Hy-Line Enterprises, Inc., 751 So.2d 1247 (Ala.1999):
“The rationale for not allowing a layman to make legal arguments on behalf of someone else is not applicable here. In this case, even though Hoff cannot represent the corporation, he should, as an agent of the corporation, be able to make an initial appearance for the corporation. An appearance would have entitled Hy-Line to notice of the trial court’s order stating that if action was not taken in the case, the case would be dismissed.
“Apparently, neither the plaintiffs attorney nor the trial court informed Hy-Line that it could not make an appearance in the case without an attorney. Hy-Line alleges in its petition that the case action summary indicated that Hy-Line was proceeding ‘pro se’ and that the plaintiffs attorney knew that Hoff had filed what purported to be an answer for the corporation. Hy-Line should not be prevented from presenting the merits of its case simply because it did not know that its ‘appearance’ was invalid. At the very least, Hy-Line was entitled to notice of the trial court’s order stating that if no action was taken the case would be dismissed.”
751 So.2d at 1248-49 (Hooper, C.J., dissenting). See also Operating Eng’rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F.Supp.2d 1022, 1023-24 (E.D.Wis.2001) (finding that the “appearance” triggering the notice requirements of Rule 55(b)(2)[, Fed.R.Civ.P.,] may be “satisfied by a defective pleading”); Colonial Ins. Co. v. Barrett, 208 W.Va. 706, 709 n. 2, 542 S.E.2d 869, 872 n. 2 (2000) (“The term ‘appeared in the action,’ for purposes of a default judgment under Rule 55(b)(2) ... is quite different from an appearance for other purposes-”).
Tarassoli’s letter in the instant case is similar to a letter in Evans v. Evans, 441 So.2d 948 (Ala.Civ.App.1983). In Evans the defendant wrote to the trial court indicating her intention to retain legal counsel and to respond to the plaintiffs divorce petition. The Court of Civil Appeals in Evans concluded that the letter constituted an appearance for purposes of Rule 55(b)(2). 441 So.2d at 950. Additionally, as in Evans, despite the deficiency of this response, Progress, through Tarassoli, “has at all times demonstrated due diligence in [its] defense of this action.” 441 So.2d at 950. Specifically, we note both that Tarassoli’s initial letter was timely filed with the trial court within the initial 30-day response period required for answers and that, once Progress received notice of the entry of default, it immediately undertook efforts to obtain relief. Moreover, as Chief Justice Hooper pointed out in his dissent in Hy-Line, supra, had *509 Progress received the requisite notice pri- or to default, that notice would have also informed Progress of the alleged deficiency in its answer and would likely have led to Progress’s obtaining legal representation at a much earlier stage, thus preventing, in all likelihood, the problem now before us.
“Once an entry of default has been obtained against a party who has appeared but has subsequently failed to defend, the actual judgment of default can be obtained only upon providing three days’ notice before the hearing on the application, except that a default judgment may be entered by the court on the day the case is set for trial. Rule 55(b)(2), [Ala.] R. Civ. P.; Dial v. State, 374 So.2d 361 (Ala.Civ.App.1979). Our Supreme Court has determined that the notice required by Rule 55(b)(2), [Ala.] R. Civ. P., must be given when the defaulting party has appeared and ‘has indicated a clear purpose to defend the action.’ Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala.1977). It is without dispute that no three day notice was given before the hearing on the application for default judgment, nor was the cause set for trial on the merits at the time the judgment of default was entered.”
Southworth v. University of South Alabama Med. Ctr., 637 So.2d 896, 897-98 (Ala.Civ.App.1994). Here, in consideration of the foregoing, in keeping with our stated policy of “favorfing] the determination of cases on the merits and disfavoring] default judgments,” see Cockrell, 349 So.2d at 1120, and because the failure to give notice requires the vacation of the default judgment regardless of whether Tarasso-li’s letter alleged a meritorious defense, see id., the judgment of the trial court is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
LYONS, J., concurs specially.

. The record reflects that Progress admittedly sold other equipment to MeadWestvaco in 2002, before the installation of the step feeder and the drag-chain assembly.

. The case-action summary identifies "Defendant] 003” as "Progress Industries, Inc.”

. Tarassoli’s testimony in the record indicates that he did, in fact, attend the equipment inspection. As an explanation for his absence from the prior proceedings, Tarassoli both denied receiving, from November 2006 until September 2007, any documents or notifications from either the trial court or opposing counsel, and further explained that he did not attend the earlier status conference for which he did receive notice because, he said, the orders he did receive did not have Progress's name in the heading. Therefore, Tarassoli stated, he assumed that, pursuant to his initial letter, Progress had been dismissed as a defendant. In fact, the orders included the phrase "et al." in the heading; however, Tar-assoli, whose first language is not English, was unaware that that designation could include Progress.

. We construe the September 14, 2007, order in which the trial court entered a default judgment against Progress with leave to prove damages as an entry of default, and the March 18, 2008, order setting damages as the entry of a default judgment. See E.H. Smith & Son Elec. Contractors, Inc. v. Springdale Mall Joint Venture, 592 So.2d 574, 576 (Ala.1992).

. The designated portion of Paul's deposition dealt primarily with his opinions as to the alleged defects in Progress’s equipment and the role those defects might have played in Dexter’s work-related injury.

. On February 4, 2009, Progress filed a notice of appearance adding additional counsel of record. Progress’s original counsel later withdrew.

. The trial court’s February 2009 order is thus a nullity.

. In Crowder, we noted authority indicating that "the federal courts have treated letters as an ‘appearance’ however, we expressly rejected that authority. 547 So.2d at 879.