Rel: January 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0667

_____

**Prestige Design and Build, LLC**

**v.**

**Joseph James and EJ Properties, LLC**

**Appeal from Montgomery Circuit Court
(CV-23-901071)**

STEWART, Justice.

Prestige Design and Build, LLC ("Prestige"), appeals from a judgment of the Montgomery Circuit Court dismissing with prejudice its action against Joseph James and EJ Properties, LLC ("the defendants"). We reverse and remand.

<u>Facts and Procedural History</u>

In 2022, Prestige's owner, who is not a licensed attorney, purported to initiate an action on Prestige's behalf against the defendants in the circuit court ("the first action").[1]  The defendants, in turn, filed a counterclaim against Prestige.  The circuit court ordered Prestige to obtain representation by a licensed Alabama attorney within 14 days. When it did not do so, the defendants moved to dismiss Prestige's claims in the first action, and the circuit court granted their motion.  It did not dismiss the defendants' counterclaim.  Prestige asserts that the dismissal order in the first action was entered "without prejudice."[2]

On August 3, 2023, Prestige, represented by counsel, initiated a new action against the defendants in the circuit court ("the second

---

[1]The first action was assigned case number CV-22-200.

[2]A copy of the circuit court's dismissal order in the first action is not contained in the record on appeal.

2

action"), asserting the same claims that it had asserted in the first action.[3] On February 22, 2024, in the second action, Prestige moved for the entry of a default judgment against the defendants because the defendants had not filed a responsive pleading in that case. The circuit court set Prestige's motion for a hearing on April 1, 2024.

On February 29, 2024, the defendants filed an objection to Prestige's motion for the entry of a default judgment and a motion to dismiss the second action. The defendants argued that the claims asserted by Prestige in the second action were identical to those asserted against the defendants in the first action, and they contended that Prestige was merely "seeking a second bite of the apple," which, they argued, was prohibited. Prestige filed a response to the defendants' motion to dismiss, noting that the dismissal of its claims in the first action had been "without prejudice."

Counsel for Prestige did not appear at the April 1, 2024, hearing. On that same day, the circuit court entered a judgment dismissing the

---

[3]The second action was assigned case number CV-23-901071. The second action was ultimately assigned to the circuit-court judge who had presided over the first action, but the record provides no indication that the second action was consolidated with the first action, which remains pending.

3

second action "with prejudice." The circuit court did not provide an explanation for the dismissal. On April 30, Prestige filed a postjudgment motion requesting that the circuit court set aside its judgment of dismissal. Prestige's postjudgment motion was denied by operation of law, and this appeal followed.

Analysis

Although the circuit court's judgment did not state the reason for its dismissal of the second action, the defendants' arguments before the circuit court and on appeal relate solely to the applicability of the doctrine of res judicata. Whether the doctrine of res judicata applies is a question of law subject to de novo review by this Court. Walker v. Blackwell, 800 So. 2d 582, 587 (Ala. 2001).

Prestige argues that a dismissal on res judicata grounds is improper because, it asserts, the dismissal in the first action was "without prejudice." The circuit court's dismissal order in the first action is not contained in the record on appeal. However, if the dismissal was "without prejudice," Prestige is correct, because a dismissal "without prejudice" is not an adjudication on the merits and does not bar the filing of another lawsuit asserting the same cause of action. Smith v. Union

4

Bank & Tr. Co., 653 So. 2d 933, 935 (Ala. 1995) ("If an action is dismissed 'without prejudice,' there is no adjudication on the merits of the case; the judgment does not bar another lawsuit on the same cause of action ...."); see also Kennedy v. Jessie, 392 So. 3d 76, 79 (Ala. 2023) (noting that application of the doctrine of res judicata requires a prior judgment on the merits).

Furthermore, it does not appear, based on the record before us, that the circuit court could have adjudicated Prestige's claims in the first action on the merits. Rule 41(b), Ala. R. Civ. P., provides, in pertinent part:

> "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, [Ala. R. Civ. P.,] operates as an adjudication on the merits."

Here, it is undisputed that the dismissal of Prestige's claims in the first action was based on the fact that Prestige, a limited-liability company, was not represented by licensed counsel, as required by Alabama law. See Progress Indus., Inc. v. Wilson, 52 So. 3d 500, 508 (Ala. 2010) (stating that a corporate entity may appear in court only through a licensed attorney). This Court has recognized that a complaint filed by a

5

nonattorney on behalf of a legal entity is a "nullity." Ex parte Ghafary, 738 So. 2d 778, 780-81 (Ala. 1998). Thus, it does not appear from the record that the merits of Prestige's claims in the first action were ever properly before the circuit court.[4] Accordingly, the record does not support dismissal of the second action on res judicata grounds, and we, therefore, reverse the judgment dismissing the second action with prejudice and remand the case for further proceedings consistent with this opinion.

We are mindful that the circuit court's dismissal of the second action may be justified for reasons that are not apparent from the record.[5] Therefore, if, on remand, the circuit court again determines that

---

[4]Furthermore, the dismissal order in the first action was not a final judgment because the first action remains pending on the defendants' counterclaim.

[5]There is no indication from the record that the dismissal was intended as a sanction imposed due to Prestige's counsel's failure to appear at the hearing on Prestige's own motion for the entry of a default judgment. Indeed, given the information before us, a dismissal with prejudice as a sanction for missing a hearing does not appear warranted in this case. See S.C. v. Autauga Cnty. Bd. of Educ., 325 So. 3d 793, 799 (Ala. 2020) (stating that dismissals with prejudice are "'drastic sanctions'" reserved for "'"extreme"'" cases (citations omitted)).

dismissal of the second action is warranted, the circuit court is instructed to specify the reason for its dismissal.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.